■ The record before us fails to show the signature of the foreman of the grand jury affixed to the endorsement "a true bill" appearing on the indictment. The judgment must be reversed and the cause remanded. Authorities supra.

It is so ordered.

Reversed and remanded.

191 So. 794

**BRITTAIN v. PRUDENTIAL INS. CO. OF AMERICA.**

**7 Div. 460.**

Court of Appeals of Alabama.

June 30, 1939.

Rehearing Denied Oct. 3, 1939.

Chas. F. Douglass, of Anniston, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Plaintiff brought his suit against the Prudential Life Insurance Company of America, in the Circuit Court of Calhoun County, Alabama. The defendant interposed a demurrer to the complaint which was sustained by the court below. The plaintiff took a nonsuit and brings this appeal to review the judgment of the lower court sustaining said demurrer.

It appears from the complaint and exhibits thereto, which were made a part of said complaint, that the Louisville & Nashville Railroad Company made applications to the Prudential Insurance Company of America for a group policy of insurance to insure the lives of certain classes of the employees of said Railroad Company, who were engaged in the business of railroading. In addition to the life insurance applied for, each of said employees, with continuous service of three months, or more, was to be insured against death by accidental means and loss of any two limbs or eyesight in an amount equal to the full amount of insurance (one half such amount in event of loss of one limb or the sight of one eye); in different amounts, according to the class of the employee. It was provided in said application that the policy applied for should be subject to the provisions of said policy. The application was dated December 22, 1931.

The Prudential Insurance Company issued a group policy of insurance, No. G—3688, to said Railroad Company, dated January 1, 1932, insuring the lives of the employees of the Railroad Company, of said designated classes, including Jonas Brittain, plaintiff in the court below and appellant here, subject to the provisions of the second and third pages of said group policy, one of which said provisions declared in substance that if any of said designated employees of said Railroad Company, while in the employ of said Railroad Company, should lose one foot, as the result, directly and independently, of all other causes, and effected solely through external, violent and accidental means, and occurring within ninety days of the accident, the Insurance Company, defendant in the court below and appellee here, would pay to said employee a specified disability benefit (graduated according to the class to which the employee belonged and in the case at bar amounting to the sum of one thousand dollars), immediately upon receipt of due proof of such impairment. It was expressly provided by said policy that "Loss of hands and feet shall mean loss by severance at or above the wrist or ankle, etc." Said group policy also provided that the Insurance Company "will issue to the employer for delivery to each person insured under this policy an individual certificate, setting forth the insurance protection to which such person is entitled hereunder and to whom such insurance is payable, etc.," and accordingly the Insurance Company issued certificate of insurance, No. 7322, dated January 1, 1932, to said Jonas Brittain, which recited in substance that said Insurance Company had insured the life of Jonas Brittain, employee of the Louisville & Nashville Railroad Company, (1) Amount of life insurance, $2,000.00; (2) Accidental death benefit, $2,000; (3) For loss, by accidental means, as defined in said policy, of both hands—$2,000, both feet—$2,000, one hand and one foot—$2,000, sight of both eyes—$2,000, one hand and sight of one eye—$2,000, one foot and sight of one eye—$2,000, sight of one eye—$1,000, one hand—$1,000, one foot—$1,000. Immediately following, in somewhat smaller and lighter shaded print it is true, but so arranged as to arrest and attract attention, is the provision—"Loss of hands and feet shall mean loss by severance at or above the wrist or ankle, etc." This certificate begins with the declaration that the Railroad Company had entered into a contract with the Insurance Company, "whereby, in accordance with and subject to the terms and conditions of its Group Policy No. G—3688, issued by said Company, etc." It therefore is made to appear to this Court, because the application for insurance, the group policy and the certificate of insurance are all made a part of the complaint filed in the court below, that any one in possession of the certificate of insurance knew that said certificate was issued subject to the terms and provisions of the group policy and that loss of a foot as specified in the certificate meant loss by severance at or above the ankle.

The complaint which was filed in the court below contained 7 counts, numbered from 1 to 7, each inclusive, and is founded upon said certificate of insurance and said group policy No. G—3688, and under its averments said Jonas Brittain sought to recover from said The Prudential Insurance Company the sum of one thousand dollars for that, as alleged in each and every count of the complaint, said Insur-

ance Company had insured said plaintiff under said certificate of insurance and under said group policy "against the hazard of the loss of foot through external, accidental and violent means, and plaintiff avers that heretofore: On or about December 9, 1935, plaintiff sustained such an injury, the proximate result of which, within the 90 day period, as set out in said policy 'destroyed the internal semi lunar cartilage and the anterior cruciate ligament, substantial parts of the knee and without which his knee would not function, creating a status of constant pain and irritation of adjacent tissues, continuing in aggravation, developing within said period a need for the removal of said parts, the same being removed in surgical operation shortly thereafter, in substantial severance of the knee' or the foot at or above the ankle, permanently destroying the usefulness of said limb."

Count 2 of the complaint is practically identical with count 1 except while count 1 fails to aver that the injury was sustained while the contract of insurance was of force and effect this averment is set out in count 2. And it may here be noted that the allegation of injury to the knee of the plaintiff is practically and substantially the same in all 7 counts of the complaint.

Count 3 of the complaint after setting up the injury received by plaintiff as above quoted and as charged in count 1 avers that said knee injury developed, within the 90 day period, "partial atrophy of the left thigh, of the left calf, swelling of the left ankle, with brownish discoloration of lower left leg, ankle and feet, rendering the leg permanently useless, thereby creating, within said period a condition relievable only through surgical amputation making the same therefore needful as the only means of relief from said condition. Plaintiff therefore avers that within the terms of said policy he lost his foot by severance at or above the ankle within said 90 day period." In other words the averment of this count of the complaint is that an injury to the "semi lunar cartilage and the anterior cruciate ligament" of the knee, developing within 90 days from the injury, a condition relievable only through the surgical amputation of said cartilage and of said ligament, which amputation is by said injury rendered needful, is, in law, a loss of the foot by severance at or above the ankle upon the removal by surgical amputation of said cartilage and of said ligament, although the foot itself is not in fact

severed and removed from the leg in said operation. This Court does not find itself in accord with or give approval to this loss of his foot by severance as averred in said count by the plaintiff. If there had been an actual severance by surgical amputation of the left leg of plaintiff at the knee, rendered necessary by the injury, thereby effecting the removal of the foot and lower left leg from the physical person of the plaintiff, a very different question would be presented by the averment of these facts. A question, we may say, not presented by the pleadings in this case.

Counts 4, 5, 6, and 7, each respectively, after averring the alleged injury as above referred to and as set out in count 1 of the complaint, further avers that said injury developed, within said 90 day period, partial atrophy of the left thigh, left calf, swelling of the left ankle, with brownish discoloration of lower left leg, ankle and foot, thereby causing the loss of his said foot within the terms of said policy. What we have said with respect to this averment as set out in count 3 of the complaint applies to said counts 4, 5, 6, and 7 and need not be here repeated.

Counts 4, 5, 6, and 7 of the complaint each concedes that both the certificate of insurance and the group policy, upon which this case is founded, contained the provision,—"Loss of hands and feet shall mean loss by severance at or above the wrist or ankle." And in count 4 this provision is alleged to be null and void because as contained in said certificate and in said policy the provisions of said limitation are in violation of Section 8371, Code of Alabama, 1923. This Court agrees with the appellant in his assertion that the limitation in the certificate and in the policy, also, that the loss of foot shall mean loss by severance does not require that there should have been a severance of the entire foot in order to make the indemnity applicable to the injury. A loss by severance of such portion of the foot as to render the entire foot useless for the customary service it rendered the person before the injury would have been sufficient. This is the established construction of the word "loss" in Alabama. Life & Casualty Ins. Co. of Tenn. v. Peacock, 220 Ala. 104, 124 So. 229.

Section 8371, Code of Alabama 1923, prohibits and renders unavailing any limitation of liability claimed by the insurer which is not plainly expressed in the

policy of insurance. But the limitation that "loss of hands and feet shall mean loss by severance at or above the wrist or ankle" is plainly expressed in both the certificate of insurance delivered to the appellant and in the group policy of insurance delivered to the Railroad Company, so the inhibitions of Section 8371 of the Code do not apply either to the limitation contained in the certificate of insurance or to that contained in the group policy upon which certificate and policy this suit was brought in the court below.

Count 5 of the complaint seeks to avoid the limitation that the word "loss" shall mean loss by severance upon the ground that the Insurance Company was guilty of a fraud in causing the limitation to be printed in the certificate of insurance and in the group policy as the same appears in each of said instruments, in that said limitation appears in said instruments in a way to mislead and deceive the plaintiff, who received and retained said certificate in ignorance of the existence of said limiting provision. This Court, as above indicated, has examined both the certificate of insurance and the group policy under which said certificate was issued with care and it finds nothing whatever to justify the claim or charge that the Insurance Company intended to mislead and deceive the insured by incorporating the provision that loss of hands and feet shall mean loss by severance at or above the wrist or ankle in the certificate of insurance and in the group policy in the form and manner it appears set out therein. After examining the certificate of insurance which the appellant admits was delivered to him and which is described in the complaint and after examining the group policy under which said certificate was issued this Court is of the opinion that any one who was informed by the clause of said certificate numbered 3 that indemnity in the amount of $1,000 was provided for the loss of one foot was also informed by the provision of said clause that "Loss of hands and feet shall mean loss by severance at or above the wrist or ankle."

In count 6 of the complaint the plaintiff endeavors to avoid the limitations of said accidental loss clause by averring that "said eliminating provision is null and void for reason that it was designed to deceive and did deceive plaintiff in this: (here follows the pleader's verbal description of the type used in printing the provisions of said certificate giving the benefit, the typographical arrangement of said provision and also of the limiting provision), thereby attracting one to the benefits, detracting attention from the limitation; that plaintiff accepted said policy in reliance upon the benefits conspicuously given, without reading or being advised of said limitation, parted with money as consideration therefor, which otherwise he would not have done, and therefore said provision cannot be considered in the construction of said contract." What has been said with reference to intended fraud charged in count 5 of the complaint applies to the allegations of completed fraud as charged in count 6 and will not be repeated. Suffice it to say that informing the mind by the use of the eye as to the provisions of said insurance policy and said certificate of insurance this Court as the result of said inspection finds nothing even remotely suggesting actual fraudulent representations of the contents of the contract by the manner, or the character of arrangement of the various clauses therein contained, or in the size or character of type used in printing said provisions. We think the charge of fraud verbally alleged in said count is repugnant to the plain meaning of the certificate of insurance made a part of said count by the attachment of a photostatic copy thereof to said count as exhibit "A" thereto, and which is before us as it was before the lower court. Measuring the verbal allegation of fraud as contained in one part of count 6 by an inspection of the photostatic copy of the certificate of insurance which was also made a part of said count, this Court is of the opinion that the loss limitation contained in said certificate is binding upon the plaintiff. Federal Life & Casualty Co. v. Robinson, 235 Ala. 308, 178 So. 551.

In count 7 of the complaint said limitation is alleged to be null and void because the provision of said certificate of insurance awarding indemnity for the loss of hands and feet, or hand and foot, is destroyed by said limitation declaring that loss of hand or foot shall mean loss by severance at or above the wrist or ankle. This allegation appears to ignore the right of parties to prescribe the limitation of contracts by which they will be bound. This Court has heretofore declared that courts cannot make contracts for parties, but must give such contracts as are made a reasonable construction and enforce them

accordingly. R. P. Harris & Co. v. Thomas, 17 Ala.App. 634, 88 So. 51.

Our Supreme Court has also declared the law to be that courts will not remake contracts, but will only give effect to contracts according to obvious meaning, expressed in unambiguous terms. Pennsylvania Fire Ins. Co. v. Malone, 217 Ala. 168, 115 So. 156, 56 A.L.R. 1075.

Again it has also been declared by our Supreme Court that parties, sui juris, have the right, within the law, to prescribe the limitation of contracts by which they will be bound; and their words, if unambiguous, will be given their ordinary and generally accepted meaning. Fite v. Pearson, 215 Ala. 521, 111 So. 15; Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; Lee v. Cochran, 157 Ala. 311, 47 So. 581.

A demurrer, assigning 47 grounds of demurrer, was filed by the Insurance Company in the court below to each count of the complaint. We deem it necessary to consider only those grounds of demurrer which assert that the complaint fails to aver, or show that the plaintiff suffered the loss of his foot by severance at or above the ankle, through external, violent and accidental means, occurring within 90 days of the accident. The following are among the grounds of demurrer which this Court considers fairly presents the vital question for its determination upon this appeal:

"11. Said count fails to aver or show that the plaintiff suffered an injury through external, violent and accidental means, resulting in the loss of his foot by severance at or above the ankle."

"15. Said count fails to aver or show that the contract sued on provided for the payment of the specific indemnity for the loss of a foot other than by severing at or above the ankle."

"20. Said count fails to aver or show that within ninety days from the date of said accident the plaintiff suffered the loss of his foot by severance of same at or above the ankle, as the result directly and independently of all other causes, of external, violent and accidental means."

"27. Said count fails to aver or show that the plaintiff's foot has been lost by severance as defined in said policy."

As hereinabove stated the trial court sustained the demurrer and now, upon this appeal, appellant strenuously insists that the trial court was in error in sustaining said demurrer. There are seven assignments of error, as there are seven counts to the complaint, it being contended by appellant that the trial court erred in sustaining the demurrer to each count of the complaint, separately and severally.

The appellant, stating his case, claims that counts 1, 2 and 3 of the complaint aver the loss of the foot by severance at or above the ankle, because as averred in counts 1 and 2 the surgical removal of the semi lunar cartilage and the anterior cruciate ligament of the knee, without which the knee would not function, and by the removal of which he sustained the resulting loss of the use of his foot, is a proper and consistent averment of the loss of the foot by severance at or above the ankle. The appellant further contends that said count 3 avers the loss of the foot by severance at or above the ankle, because as averred in said count the described injury developed within the 90 day period partial atrophy of the left thigh, of the left calf, swelling of the left ankle, with brownish discoloration of lower left leg, ankle and foot, rendering the left leg permanently useless, a condition relievable only through surgical amputation, making the same therefore needful as the only means of relief from said condition, all the results of said described injury to the knee.

It is an established rule of pleading in this State that in considering the sufficiency of the averments of a complaint on demurrer the court must assume that the pleader has stated his case as favorably as the facts will justify and the averments of the complaint will not be aided by implications or intendments, but these will be resolved against the pleader. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

There is no substantial difference in the group policy and the certificate of insurance as to the exact casualty against which the Insurance Company agreed to indemnify the appellant. Both the policy and the certificate provide an indemnity of one thousand dollars for the loss of foot by severance at or above the ankle as the result, directly and independently of all other causes, effected solely through external, violent and accidental means. The words "loss of foot" as used both in the group policy of insurance and in the certificate of insurance, issued and delivered under said group policy to appellant, is

to be construed to mean the destruction of the normal and customary usefulness· of the foot, while the provision for indemnity for the "loss of foot by severance at or above the ankle, as the result, directly and independently of all other causes, effected solely through external, violent and accidental means," was intended to refer to the manner rather than to the exact physical extent of the injury. Life & Casualty Ins. Co. of Tenn. v. Peacock, 220 Ala. 104, 124 So. 229.

In order to legally justify a recovery by plaintiff against defendant under either the certificate of insurance, or the group policy, involved in this case, it was necessary for plaintiff to allege in his complaint, without confusion or ambiguity, the loss of his foot by severance at or above the ankle, as the result, directly and independently of all other causes, effected solely through external, violent and accidental means. The allegation of the loss of the use of the foot, as the result of the surgical removal of a cartilage and a ligament of the knee, made necessary by an injury to said knee, effected solely through external, violent and accidental means, is not an allegation of the casualty against which the Insurance Company agreed to indemnify the plaintiff.

In the case of Metropolitan Casualty Ins. Co. v. Shelby, 116 Miss. 278, 76 So. 839, the Supreme Court of Mississippi had before it for consideration and construction the provisions of an accident insurance policy, issued by the insurer to the insured by which the insurer agreed to pay the insured three fifths of $4,500 should the insured during the life of the policy, "sustain the loss of one hand by severance at or above the wrist." The insured suffered an accident and brought his action against the insurer to recover damages under said policy. It was alleged in the complaint, among other things, that as the result of an accident sustained by, or happening to, the insured, while on a fishing trip he fell and broke a glass water jug, or container, and that his hand, or arm, was badly cut by broken glass and that as the result of said accident the insured's "left hand from the wrist to the ends of his fingers has become paralyzed and atrophied insomuch so that said hand is of no use or value whatever to said plaintiff; that he is unable to use it in any respect; that he is deprived of the use thereof as fully and completely as if the same were physically severed and removed from his wrist and arm, etc." The Court held that the words employed in the policy define the meaning of the loss of a hand provided for by the policy; that no liability could be created against the insurer except upon the terms of the policy of insurance and to hold otherwise would be for the court to make for the parties a contract which they did not make for themselves; that it was not the province of courts to make contracts for litigants, but to enforce contracts made by them.

After giving this case the attention and consideration which its importance deserves and after a careful study of the terms and provisions of the certificate of insurance and the group policy involved, under the rules of construction, pertaining to insurance contracts, which are of force in this State, this court is of the opinion that the limitation set out in said certificate restricting the loss of his foot to a loss by severance at or above the ankle is binding upon the appellant and that the trial court did not err in sustaining the demurrer filed by the appellee, defendant in the court below, to the complaint. The judgment of the court below is therefore affirmed.

Affirmed.