114 So.2d 889

**Bobby L. WOODALL, pro ami,**

v.

**NATIONAL LIFE AND ACCIDENT INS. CO.**

**3 Div. 864.**

Supreme Court of Alabama.

Oct. 8, 1959.

Godbold, Hobbs & Copeland, Montgomery, for appellant.

R. T. Milner, Robert S. Milner and Holley, Milner & Holley, Wetumpka, for appellee.

**STAKELY, Justice.**

This case comes to this court on an appeal from the Circuit Court of Montgomery County following a nonsuit taken by appellant as a result of the action of the trial court in sustaining appellee's demurrer to appellant's complaint. Suit was commenced in November 1958 by the filing of a complaint by Bobby L. Woodall, suing by next friend (appellant), seeking to recover $1,100 on a contract of insurance written by The National Life and Accident Insurance Company (appellee).

The complaint alleges that approximately two years after the policy was issued at a time when Bobby L. Woodall was only three years old, he contracted or was stricken with poliomyelitis, being a disease contracted after the effective date of the policy. The complaint then contained the following further allegations:

"As a sole result of said disease, Bobby L. Woodall suffered a complete loss of use of his left foot and left hand for a period of, to-wit, two months and as a sole result of said disease the said Bobby L. Woodall has suffered a permanent loss of use of said left hand and left foot."

The complaint sets forth in full the indemnity clause of the contract:

"(4) Indemnity for Specific Losses, as Defined Herein—Upon receipt during the lifetime of the Insured of due proof that while this policy is in force, the Insured has suffered any of the losses set forth below solely as a result of disease contracted after or injuries sustained after the effective date of this policy, the Company upon surrender of this policy will pay to the Insured the amount set opposite such loss, as follows:

| | |
|---|---|
| Loss of Both Eyes | The Principal Sum |
| Loss of Both Hands | The Principal Sum |
| Loss of Both Feet | The Principal Sum |
| Loss of One Hand and One Foot | The Principal Sum |
| Loss of One Eye and Either One Foot or One Hand | The Principal Sum |
| Loss of One Hand | One-half of the Principal Sum |
| Loss of One Foot | One-half of the Principal Sum |
| Loss of One Eye | One-half of the Principal Sum |

"The loss of hand or foot means loss of such members by severance, or the complete and permanent loss of the use thereof because of paralysis of such members. The loss of an eye or eyes means the permanent loss of the sight thereof.

"The occurrence of any of the above losses shall terminate this policy; the payment of the amount provided herein for such loss shall fully discharge all liability hereunder."

It is further alleged that the policy was surrendered to The National Life and Accident Insurance Company on September 5, 1953.

The demurrer of the defendant (appellee) takes the position, among others, that it is not alleged that the plaintiff suffered the complete and permanent loss of use of his left foot and left hand, that the complaint shows on its face that the complainant did not suffer the complete and permanent loss of use of his left foot and left hand and that it is not alleged that

the complainant suffered the complete and permanent loss of use of his left foot and left hand while the alleged policy was in force.

Upon a consideration of the matter we have concluded that the court acted correctly in sustaining the demurrer to the complaint.

It is not alleged that the plaintiff, as a result of disease, suffered the complete and permanent loss of the use of his left foot and left hand. In fact, it affirmatively appears from the allegations of the complaint that the complete loss of use existed for a period of only two months. The loss, according to the allegations of the complaint, which the plaintiff suffered, was a mere temporary complete loss of use followed by a partial permanent disability. To state it a little differently, it affirmatively appears from the complaint that the alleged loss of use was not complete and permanent but that any permanent loss was only partial, the extent of which is not alleged.

█ It seems to us clear that although for a short period of time there may have been a complete loss of use of the left hand and the left foot, nevertheless this complete loss was not permanent. It affirmatively appears from the allegations of the complaint that the complete loss existed for a period of only two months. As the matter stands, there is now no complete loss of the use of either of these members and such loss as now exists is only a partial loss of use. Since we take this view the alleged loss does not come within the terms of the policy.

We refer to the case of Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 709, 79 A.L.R. 852, which seems to us to support the position which we here take. In that case the plaintiff was suing under a policy which provided benefits for total and permanent disability by reason of disease. The plaintiff, a physician, was confined to the hospital for a period of 54 days. The beginning of his trouble was sticking a needle in his left thumb on January 16, 1929. He attempted to resume his work on August 1, 1929. In the course of the opinion this court said: "Without question Dr. Blue had a 'total disability' until August 1, 1929." The opinion then points out that notwithstanding there was a total disability for a number of months, this total disability was not permanent. It was held that although this total disability was followed by partial disability, such disability was not within the terms of this policy. As the court pointed out: "Total disability, followed by partial disability, whether temporary or permanent, is not within the policy." The court held that the defendant was entitled to the affirmative charge and that its refusal was error.

It is clear to us that there is no such thing as a permanent and complete loss which can exist for a short time. It is not correct to say that this plaintiff had a permanent disability which lasted for a short time since the word "permanent" means lasting and enduring. In this connection in the foregoing case, this court said: " 'Permanent' has a well-known obvious meaning; is in contradiction to 'temporary,' so used in legal enactments as well as contracts. The construction insisted upon would wipe out all distinction between 'temporary' and 'permanent' disability."

The appellant seeks to make a distinction between the Blue case, supra, which we have just referred to, and the instant case. The argument is made that in the Blue case the insurance was taken out by a dentist and the obvious purpose of the insurance was to provide a source of income to the insured when employment had ceased because of a disability. It is argued that no such purpose is possible in the instant case since the appellant was a young child rather than an income producing adult. Further in the Blue case, according to the argument, the policy calls for a continuing relation-

ship between insured and the company with the company entitled to continuing proof of disability as a condition precedent to continued liability. In the instant case the contract provides for a single payment for a specified loss of use.

We are not impressed with the distinction sought to be made between the Blue case and the instant case. This court has often held that courts will not remake contracts but will only give effect to them according to the obvious meaning, if expressed in unambiguous terms. Brittain v. Prudential Ins. Co. of America, 29 Ala.App. 57, 191 So. 794, certiorari denied 238 Ala. 445, 191 So. 800; Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A.L.R. 852.

Further where there is no ambiguity in a policy of insurance and but one reasonable construction possible, there is no room for construction and the language of the contract will be expounded by the courts as used by the parties. Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816; Central Mutual Ins. Co. v. Royal, ante, p. 372, 113 So.2d 680.

Accordingly, the court will look to the language contained in the policy and not to facts which are claimed to show the background under which the policy was written.

The appellant seems to rely on the case of Life & Casualty Ins. Co. of Tennessee v. Peacock, 220 Ala. 104, 124 So. 229, 231. In that case the policy of insurance provided that in case of loss by severance of both hands or both feet, or one hand and one foot, or the permanent loss of the sight of both eyes, total and permanent disability would be deemed to exist. The evidence showed that the plaintiff lost her entire left foot but only the toes of her right foot. This court held that a verdict for the plaintiff was justified because "the word 'loss' should be construed to mean the destruction of the usefulness of that member, or the entire member, for the purpose to which, in its normal condition, it is susceptible to application, in the absence of more specific definition in the policy."

As we have shown, there is a specific definition of loss in the policy in the case now before us. Furthermore it seems to be clear that the theory of the Peacock case is to the effect that the company is liable under that policy if the usefulness of the members was destroyed to such an extent that they were rendered useless for the customary services they rendered to plaintiff before the inception of the disease. There is nothing whatever, however, in the instant case to show the extent of the loss of use and that such loss was substantially complete. See also Brittain v. Prudential Ins. Co. of America, 29 Ala. App. 57, 191 So. 794, certiorari denied 238 Ala. 445, 191 So. 800; Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A.L.R. 852.

The appellee urges that other grounds of demurrer were sufficient to sustain the ruling of the trial court but in view of what has been said, we see no reason to consider these other matters.

Affirmed.

LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.