169 So.2d 502 (1964)
Carolyn F. CALIO, Appellant,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellee.
No. 64-248.
District Court of Appeal of Florida. Third District.
December 8, 1964.
Rehearing Denied December 30, 1964.
*503 Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt & Boureau and Cotton Howell, Miami, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
This litigation concerns the interpretation of a provision in a group life insurance policy.
Appellant's husband, now deceased, was employed by Florida State Theaters, Inc., until discharged by this employer. The last day which decedent worked was September 27, 1962. His employer paid him, however, until October 25, 1962, and on November 20, 1962 he died.
During the decedent's employment a group life insurance policy was in effect with appellee. The insurance contract provided, inter alia:

*504 "The insurance hereunder of any employee shall cease automatically upon the occurrence of any of the following events:
"(1) The termination of this policy,
"(2) The cessation of premium payment on account of such employee's insurance hereunder,
"(3) Upon the expiration of the thirty-first day following the last day of the month in which occurs the termination of his employment in the classes of employees insured hereunder. Cessation of active work by an employee shall be deemed to constitute the termination of his employment * * *" [Emphasis added].
Appellant claims that the decedent's employment terminated on October 25, 1962, the last day for which salary was paid, and according to subparagraph (3) above, the insurance terminated on November 26, 1962, thereby constituting the policy as in effect on the date of appellant's husband's death.
Appellee claims, that by virtue of the second sentence of subparagraph (3) above, the decedent's employment terminated on September 27, 1962, and accordingly the insurance coverage lapsed on October 28, 1962, prior to his death, thereby precluding recovery under the policy.
Both parties moved for a summary judgment. The defendant's motion was granted, and plaintiff appeals the summary judgment. We find no error and affirm.
The contract of insurance between the parties was at all times subject to the statutes of the state then in force in regard thereto.[1] Accordingly, § 627.0415, Fla. Stat., F.S.A., became a part of the contract between the parties. This statute provided, in pertinent part:
"The group life insurance policy shall contain a provision that if the insurance * * * on a person covered under the policy ceases because of termination of employment * * *, such person shall be entitled to have issued to him by the insuror * * * an individual policy of life insurance * * * within thirty-one days after such termination * * *." [Emphasis supplied]
It is apparent that the statute provides no definition as to the meaning of the term, "termination of employment". Appellee has undertaken by writing this particular policy to define that specific term, and thereby avoid any possible misunderstanding. Appellee has provided that termination of employment shall mean cessation of active work. Now, appellant does not claim that this definition is obscure or confusing as applied to the facts of this case, but she does say that appellee should not be permitted to define that statutory phrase. Appellant has referred us to no authority for this proposition, and our research has revealed none.
We know of no prohibition upon a private party's freedom to contract as to the meaning of certain unclear terms. We recognize, however, that insurance contracts must be interpreted wherever possible to provide insurance.[2] This rule of law is applicable only where a contract is susceptible of two interpretations. This is not the situation before us. Here there is no question as to meaning of the phrase, "termination of employment", the question is, may the definition of that statutory phrase, in a contract, be enforced by this or any other court. As noted previously, we are aware of no prohibition on such action, and therefore we should give it judicial *505 approval. We take judicial notice of the fact that the Legislature in its statutes sometimes uses terms and phrases that may leave the individuals involved perplexed as to the meaning of such terms. The absence of any legislative intent in regard thereto should not leave individual contracting parties in limbo as to the meaning of statutory terms. Where there is a complete absence of legislative expression as to the meaning of statutory terms, individuals involved therewith should be permitted to reasonably provide definitions therefor. We have emphasized the word reasonably because what we have said we do not want misunderstood. The unclear terms of a statute may be agreed upon between contracting parties, but only to the extent necessary to avoid ambiguity. The definitions provided may not be such as to violate or obstruct or restrict the spirit, meaning and clear intention of the Legislature. For example, in our case, if the term "termination of employment" were defined by the policy to mean "upon the giving of notice by either employee or employer of the intention to terminate employment", this would be unenforceable by virtue of attempting to limit the spirit and intention of the statute.
The definition of "cessation of work" in view of the circumstances, appears reasonable, and should be given judicial effect. We do not think that this definition appears to restrict or limit the spirit, meaning and intention of the Legislature as manifested by the statute. There does not appear to be anything particularly unreasonable about termination of employment meaning when the actual work ceases, and not some later date.
Both parties have referred us to cases decided by other jurisdictions in regard to the question of termination of employment,[3] but that is not the question here involved. The issue is whether the parties to this insurance contract could define the meaning of that term, i.e., termination of employment. Once having answered that question in the affirmative, our inquiry must cease, because thereafter, the question of the appellee's liability on the policy is resolved in its favor.
Accordingly the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138 (1937).
[2] Howard v. American Service Mutual Ins. Co., Fla.App. 1963, 151 So.2d 682.
[3] Edwards v. Equitable Life Assur. Soc. of U.S., 296 Ky. 448, 177 S.W.2d 574 (1944); Keane v. Aetna Life Ins. Co. of Hartford, Conn., 22 N.J. Super. 296, 91 A.2d 875 (1952); Pan American Life Ins. Co. v. Garrett, 199 S.W.2d 819 (Tex.Ct.Civ.App. 1946); Perry v. Equitable Life Assur. Soc. of U.S., 139 N.E.2d 489 (C.P.Ohio 1954); See also, Annot. 68 A.L.R.2d 8 (1959).