226 So.2d 295

INSURANCE COMPANY OF
NORTH AMERICA

v.

Vesta Lee WILLIAMS.

6 Div. 597.

Supreme Court of Alabama.

May 8, 1969.

Rehearing Denied Aug. 7, 1969.

Lange, Simpson, Robinson & Somerville, Birmingham, for petitioner.

Griffin & Wilson, Birmingham, opposed.

HARWOOD, Justice.

The majority opinion of the Court of Appeals while stating that the accidental death benefit coverage was in both of the automobile polices, yet proceeds to treat such provisions as a separate and distinct type of insurance, as though it was not in the automobile policies.

The fallacy of this reasoning is that the accidental death coverage arises solely from the policies of automobile insurance. The liability of the insurer must be determined by the provisions of the automobile policies.

In his dissenting opinion Judge Cates states that, "No separate premium is shown to have been charged for either the first death benefit (which the company paid) or for the second." The majority opinion is silent on this point. In this situation we have gone to the record to clarify this point.

Both of the automobile policies issued to Williams contained a provision to the effect that the policies could be liberalized or broadened by the insurer without additional premium charge.

Acting under this provision, the insurer did in March 1965, extend the coverage under both the automobile policies to provide for payment of accidental death benefits, without further or additional premiums.

The majority opinion of the Court of Appeals relies largely upon Government Employees Insurance Company v. Sweet,

Fla.Dist.C.A., 186 So.2d 95, 21 A.L.R.3d 895, wherein the insured had issued a single policy covering two automobiles. The policy contained medical benefit payments of $3,000 relative to each automobile, *and additional premiums were paid for such coverage as to each automobile.*

The lower Florida court held that the insurer was liable for the amount of $3,000 for medical expenses as to each automobile, or an aggregate amount of $6,000.

The Florida District Court of Appeal affirmed.

Several cases from other jurisdictions were cited in *Sweet* as being in accord with the conclusion reached by the Florida District Court of Appeal. An examination of these opinions shows that the insured paid separate premiums for medical benefit coverage specifically for each automobile insured in a single policy. Implicit in these decisions is that limiting the insurer's obligation to only one automobile would give to the insurer a windfall as to the other premiums. No premiums were charged for the additional death benefit granted by the insurer in this case.

*Sweet,* supra, also differs from the present case in that the policy in *Sweet* contained a provision that:

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. * * * *"

This is entirely different from the provisions in the policy now under consideration, which reads:

"OTHER INSURANCE IN THIS COMPANY.

"If the named insured carries other automobile insurance with this company *covering a loss also covered by this policy,* the insured must elect which policy shall apply, and the company shall be liable under the policy so elected, *but shall not be liable under any other such policy."* (Emphasis ours.)

By resort to Section 106, Title 28, Code of Alabama 1940, pertaining to powers which certain mutual insurance companies may assume in their articles of incorporation, the majority opinion of the Court of Appeals arrives at the conclusion that the phrase "other automobile insurance," appearing in the beginning of the provision relating to "Other Insurance In This Company," (set out in full in the majority opinion) must be limited to "automobile insurance," and does not apply to death benefit provisions although contained in the automobile insurance policy upon which this cause of action is sought to be asserted.

We agree with Judge Cates in his dissent that reference to Section 106, Title 28, supra, is irrelevant.

But above this, the majority opinion ignores the modifying clause "covering a loss also covered by this policy," immediately following and in the first sentence appearing under the "Other Insurance In This Company" provision.

It should also be noted that the outstanding ratio decidendi of the *Sweet* case was that the policy contained provisions in hopeless conflict, and the court invoked the well settled principle that in such a situation the policy will be construed most strongly against the insurer.

The language of the "Other Insurance In This Company" provision in the policies here involved is clear and unambiguous. It must be construed as written. We are not at liberty to make a new contract for the parties by a tortured construction of plain language. Central Mutual Ins. Co. v. Royal, 269 Ala. 372, 113 So.2d 680, 72 A.L.R.2d 1283; Woodall v. National Life and Accident Ins. Co., 269 Ala. 606, 114 So.2d 889.

In brief counsel for appellee has also argued that because the "Other Insurance In This Company" provision requires the insured to elect which policy shall apply, such provision is inoperative where the insured is dead.

■ This argument is not persuasive since the deceased insured's personal representative could make this election.

■ The decision of the Court of Appeals is due to be reversed and remanded.

Reversed and remanded.

All the Justices concur.