290 So.2d 654

Veronica **CHEEK**

v.

**VULCAN LIFE AND ACCIDENT INSURANCE COMPANY.**

**Civ. 150.**

Court of Civil Appeals of Alabama.

Dec. 5, 1973.

Rehearing Denied Jan. 9, 1974.

Hugh A. Locke, Jr., Birmingham, for appellant.

Wingo, Bibb, Foster, Conwell & Strickland, Birmingham, for appellee.

BRADLEY, Judge.

The appellant here, plaintiff below, filed a complaint in the Circuit Court of Jefferson County against the appellee, defendant below, claiming to be entitled to the proceeds ($10,000) of a group insurance policy issued by appellee insuring the life of her deceased husband, Claude C. Cheek. Issue was joined on pleas and a general replication, and the case was submitted to the jury on stipulated facts and the affirmative charge without hypothesis. A verdict was rendered for the defendant and notice of appeal was taken. The issue submitted to this court is the efficacy of the trial court's direction to the jury to return a verdict for the defendant.

The stipulated facts show that Claude Cheek was employed by the sheriff of Jefferson County as a warden in the county jail. The sheriff notified Cheek in writing on October 31, 1966 that his employment was terminated. Mr. Cheek received the letter on November 4, 1966. The County Commission approved the dismissal effective November 4, 1966. A copy of the dismissal letter went to the county personnel

board. The minutes of the meeting of the County Commission wherein the action of the sheriff terminating Mr. Cheek's employment was approved reflected that it was, " . . . subject to approval of the Personnel Board." There is no evidence that the personnel board ever approved or disapproved the termination of Mr. Cheek's employment.

The "Personnel Action Report" was signed by the sheriff, chairman of the County Commission and the personnel director, and reflected that Mr. Cheek's employment was terminated effective November 4, 1966. At the time of his dismissal, Mr. Cheek had twelve days of vacation time to his credit. He was not paid for this time.

During the time of his employment with Jefferson County, Mr. Cheek had qualified for insurance under a group policy issued to Jefferson County by appellee. He had been issued a certificate showing that he was insured under such policy. His widow was the named beneficiary. All of the premiums due under this group policy were paid by Jefferson County. The premiums were required to be paid in advance and there was a one month grace period for the payment of the premiums. No insurance premium was paid for Mr. Cheek after November 4, 1966. The personnel director had notified the county comptroller that Mr. Cheek had been terminated effective November 4, 1966 and a line had been drawn through his name on the list that went to Vulcan Life Insurance Company and the writing "Separation 11–4–66" was placed thereon, as was the custom. The records of the insurance company showed that Mr. Cheek had been "separated" from his employment with the county on "11–4–66." No notice was given by the insurance company to Mr. Cheek that it had knowledge of his dismissal; nor did it inform him that he had thirty-one days to convert his insurance under the group policy to an individual policy.

On November 11, 1966 Mr. Cheek advised the county retirement system that he had retired and wished to withdraw his contributions toward his retirement.

On November 14, 1966 Mr. Cheek appealed his dismissal to the county personnel board. On December 8, 1966 he withdrew his appeal.

On December 16, 1966 Mr. Cheek died as the result of a massive stroke.

On January 5, 1967 the appellant wrote to appellee advising of the death of Mr. Cheek and enclosing four months' back premiums. The appellee denied coverage and stated the reason was Mr. Cheek's separation from county service on November 4, 1966.

There was no application by Mr. Cheek for conversion to an individual policy, and there was no request for a reinstatement under the applicable personnel board rule.

The certificate of insurance which was issued by the appellee to Mr. Cheek reflected that the insurance coverage on him would:

" . . . automatically terminate immediately upon the earliest of the following dates: . . . (c) the date of termination of his employment with the Employer, . . . .

"Termination of employment shall, for all purposes of this insurance, be deemed to have occurred if an employee is pensioned or retired or is absent from active work for any other reason; . . . .

"5. CONVERSION PRIVILEGE: The employee, upon written application made to the Company within thirty-one days after the earlier of:

"(a) the date of termination of his employment, as hereinbefore defined, for any reason whatsoever, . . . . shall be entitled to have issued to him by the Company, without evidence of insurability, an individual policy of life insurance. . . . "

These same provisions are also set out in the policy which was issued to the employer, Jefferson County.

Appellant argues that her deceased husband's employment with Jefferson County was not effectively terminated on November 4, 1966. In support of this argument appellant says the appointing authority, i. e., Jefferson County, conditioned the dismissal of her deceased husband on the "approval of the Personnel Board," and there was never any approval by said Board; hence there was never any effective termination of employment within the meaning of the policy above mentioned. She further contends that neither the appellee nor anyone on its behalf notified her deceased husband that his employment with Jefferson County had been terminated and that he had thirty-one days in which to convert the group policy coverage to individual coverage as authorized by said group policy of insurance. Another argument made by appellant is that the language of the policy in question as it relates to the termination of employment of the insured is ambiguous and, therefore, such ambiguity should be resolved in favor of the insured.

Appellee responds by saying that the language of the policy defining the conditions that can cause termination of the coverage was clear and unambiguous and therefore not subject to interpretation by this court. It also contends that Mr. Cheek's employment with Jefferson County ceased on November 4, 1966 and that he was not insured under the policy on the date of his death, i. e., December 16, 1966. Furthermore, appellee says, Mr. Cheek did not exercise the option to convert from group to individual coverage within the thirty-one days provided by the policy.

■ Courts in Alabama in construing an insurance policy are guided by the rule that its terms and provisions must be construed as written so long as those terms and provisions are clear, unambiguous and not in conflict. Cotton States Life Ins. Co. v. Knowles, 45 Ala.App. 607, 234 So.2d 886. Nor are the courts permitted to change or alter the wording of said policies so as to write a new contract for the parties thereto. Insurance Co. of North America v. Williams, 284 Ala. 510, 226 So.2d 295.

In the instant case the appellee in drafting the insurance policy not only provided that the insurance coverage would cease upon the termination of employment, but also undertook to define "termination of employment" as being "cessation of active work," and, so far as we know, there is no prohibition against the parties to an insurance contract defining the terms therein that might be unclear. Calio v. Equitable Life Assur. Soc. of United States, 169 So. 2d 502 (Fla.App.).

Several jurisdictions have concluded that the term "termination of employment" used in group insurance policies is clear and unambiguous and must be enforced. Perry v. Equitable Life Assur. Soc. of United States, 139 N.E.2d 489 (Ohio Com.Pl.); Pan American Life Ins. Co. v. Garrett (Texas Civ.App.), 199 S.W.2d 819, and Adkins v. Aetna Life Ins. Co., 130 W.Va. 362, 43 S.E.2d 372. See also 68 A.L.R.2d § 7, p. 34.

In *Calio, supra,* the Florida District Court of Appeals stated that there was nothing unreasonable in concluding that "termination of employment" meant "when actual work ceases."

In National Security Ins. Co. v. Stewart, 43 Ala.App. 274, 188 So.2d 774, the Alabama Court of Appeals, in construing a group insurance policy which contained language identical to the language now under consideration, implied that the employment of the employee in question terminated on the last day of active work.

In the case at bar the employee, Mr. Cheek was discharged effective November 4, 1966 and did not work another day for Jefferson County prior to his death on December 16, 1966. Appellant argues, nevertheless, that the employment was not effectively terminated on November 4, 1966,

even though active work ceased on or before that date, for the reason that the discharging authority, i. e., Jefferson County, had conditioned the dismissal on the approval of the county personnel board, and she states there was never any approval by said board.

The governing statute, Title 62, Secs. 645–672, Code of Alabama 1940, as Recompiled 1958, creating the county personnel system does not require the approval of the personnel board for the dismissal of an employee. The statute merely created a procedure whereby within a stated period of time, a discharged employee may appeal his dismissal to the board for review. In the case at bar the employee did appeal the action of the appointing authority but subsequently dismissed said appeal.

■ There being no requirement in the statute for the advance approval of the personnel board for the dismissal, the statement by the appointing authority that the dismissal would be effective subject to the approval of said board had no legal effect and must be considered mere surplusage. See Lassiter v. State, 106 Ala. 292, 17 So. 725.

■■ Whether or not Mr. Cheek's appeal to the personnel board of his dismissal would have had any effect on the date of termination of his employment is not an issue before this court for the reason that Mr. Cheek dismissed his appeal several days prior to his death, which made his dismissal finally effective on November 4, 1966.

It is without dispute that Mr. Cheek did not convert his coverage under the group policy to an individual policy within the period authorized by the group policy. However appellant argues that no one contacted or notified the deceased that he had this option and, as a consequence of this omission on the part of appellee, the deceased Mr. Cheek did not convert from group to individual insurance prior to his death.

The terms of the certificate which was issued to Mr. Cheek plainly stated that the employee:

" . . . upon written application made to the Company within thirty-one days after . . . the date of termination of his employment . . . shall be entitled to have issued to him . . . an individual policy of life insurance. . . . . "

The stipulated facts undisputedly showed that Mr. Cheek did not apply in writing to appellee for the issuance of an "individual policy of life insurance" prior to his death.

However, appellant says that the appellee had a duty to notify Mr. Cheek that, under the terms of the policy, he had thirty-one days in which to convert to an individual policy of life insurance.

It has been held that an employer in that instance where the employee does not contribute to the payment of the group policy, has no duty to notify the employee of a termination of the insurance coverage. Colter v. Travelers' Ins. Co. & American Woolen Co., 270 Mass. 424, 170 N.E. 407; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94; and 55 A.L.R. 1231. And in Slattery v. Pullman Company, 38 Del.Ch. 387, 153 A.2d 575, the court held that where the certificate of insurance, which had been issued to the employee, clearly set out the circumstances under which the group policy could be converted to an individual policy, the employee is charged with notice of said privilege and is entitled to no further notice.

■ In the instant case Mr. Cheek was issued a certificate of insurance which clearly set forth the terms under which the policy could be converted to individual insurance. We conclude, therefore, that Mr. Cheek had sufficient notice of the privilege to convert the group policy to individual coverage upon termination of employment by way of the certificate of insurance and warranted no further notice. The terms of

the policy permitting conversion not having been complied with by Mr. Cheek, the coverage authorized under the group policy expired prior to his death, and appellant's claim filed thereunder was properly denied.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.