This is an action on an insurance policy.
Plaintiff filed suit against the defendant-insurance company on a fire insurance policy. At the close of plaintiff's evidence, the defendant moved for a directed verdict. The trial court denied the motion and subsequently, the jury returned a verdict for the plaintiff.
The dispositive issue on appeal is whether the trial court erred in overruling defendant's motion for a directed verdict. We find that it did not and affirm.
The record reveals the following: The plaintiff was the owner of a retail furniture store located at 430 Chestnut Street in Gadsden, Alabama. In 1973, the defendant issued a fire insurance policy insuring the plaintiff's inventory for a term of three years. While the policy was in force, plaintiff's inventory was burned.
The record further reveals that a few days prior to the fire, the plaintiff decided to liquidate his business and to that end, he sold most of his merchandise. He closed his store and moved the remaining furniture to a nearby warehouse, located at 422 Chestnut Street, which the evidence indicates was within 100 feet of plaintiff's business.
After the fire, plaintiff asserted a claim for policy proceeds and subsequently brought this action upon defendant's denial of liability.
Throughout this proceeding, and at the time of defendant's motion for a directed verdict, the defendant has insisted that the policy does not insure plaintiff's property while located at any other place than the premises described in the contract,i.e., 430 Chestnut Street. The defendant contends that because the plaintiff moved his merchandise to a warehouse located next door to his business, the policy, as a matter of law, did not insure against the damages occasioned by the fire.
The plaintiff maintains that notwithstanding the removal of his furniture from the described premises, the property which was destroyed was nevertheless insured because the express language of the contract insures the property within 100 feet of the described premises. In the alternative, the plaintiff contends that the policy language in question is ambiguous and thus is to be construed in his favor. In either case, plaintiff argues that defendant's motion for a directed verdict was properly overruled because, as a matter of law, the contract does not preclude recovery in this instance. We agree.
The contract provision in question, which is dispositive, provides as follows:
 COVERAGE B — PERSONAL PROPERTY: When the insurance under this policy covers personal property, such insurance shall cover only business personal property owned by the insured and usual to the occupancy of the insured, including bullion, manuscripts, furniture, fixtures, equipment and supplies, not otherwise covered under this policy, and shall also cover the insured's interest in personal property owned by others to the extent of the value of labor and materials expended thereon by the insured; all while in or on the described buildings, or in the open (including within vehicles) on the described premises or within 100 feet thereof.
(Emphasis supplied.)
For the reasons set forth below, this court is of the opinion that the language of this clause is ambiguous.
At the outset we observe that the determination of whether an ambiguity in fact exists in a particular policy is a question of law for the court's resolution. Burton v. State Farm Fire Cas. Co., 533 F.2d 177 (5th Cir. 1976); Aetna Life Ins. Co. v.Hare, 47 Ala. App. 478, 256 So.2d 904 (1972). If an ambiguity is found to exist, it is the province of the court to ascertain the meaning of the uncertain provisions. Associated DoctorsHealth Life Ins. Co. v. Hanks, 44 Ala. App. 92, 203 So.2d 148
(1967).
The rules of judicial construction require this court to interpret an insurance contract according to the rules of *Page 344 
construction applicable to all contracts. Aetna, supra.
Accordingly, the words of an insurance policy are to be given their rational and practical meaning. ProTransCo, Inc. v.Oceanus Mut. Underwriting Ass'n. (Bermuda) Ltd., Ala.Civ.App.,349 So.2d 585 (1977).
Furthermore, uncertainties as to the scope of coverage are to be resolved in favor of the insured, ProTransCo, supra, particularly where the meaning of an ambiguous endorsement is at issue. U.S. Fire Ins. Co. v. McCormick, 286 Ala. 531,243 So.2d 367 (1970).
It is clear to this court that the above noted endorsement is unquestionably ambiguous as it applies to the facts in the instant case. Under one interpretation, coverage is afforded an insured where his property is located within 100 feet from the insured premises without regard to whether that property is in the open or stored in another building. Under another view, that urged by the defendant, the insured property must be "in the open" and "within 100 feet" of the described premises in order to be insured. If the latter interpretation is correct, plaintiff cannot recover in this instance because, although his property was within 100 feet of the described premises, it was in a warehouse and not in the open.
We are of the opinion that under a rational and practical reading of the policy provision in question, coverage exists in three situations: (1) when the property is in or on the described building, or (2) when the property is in the open on the described premises, or (3) when the property is within 100 feet of the described premises.
In order for this court to accept the interpretation of the contract urged by the defendant, we would of necessity be required to rewrite the express language of the contract so that the third alternative noted above would provide that in order to be insured, the property must be "in the open within 100 feet" of the described premises. This court cannot rewrite the language of the policy. See, e.g., Cheek v. Vulcan Life Acc. Ins. Co., 52 Ala. App. 192, 290 So.2d 654 (1973), writdenied, 292 Ala. 715, 290 So.2d 658 (1974).
In addition, we note that had the defendant desired the policy to provide the construction it now urges upon this court, it could easily have so drafted the contract to that end. See, e.g., Wiregrass Construction Co., Inc. v. TallapoosaRiver Elec. Coop, Inc., Ala.Civ.App., 365 So.2d 95 (1978).
To further substantiate what we have said, the construction which we adopt is consistent with the oft stated rule that ambiguities are to be resolved in favor of the insured.ProTransCo, supra.
For the foregoing reasons, we hold that the defendant was not entitled to a directed verdict and thus the trial court's denial of its motion was not error.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., dissents.