Reginald and Betty Sue Watkins appeal from a partial summary judgment for United States Fidelity and Guaranty Company (hereinafter "USF G") in their action against USF G and an uninsured motorist. The circuit court held that the Watkinses were not entitled to recover uninsured motorist (hereinafter "UM") benefits under a policy covering a vehicle owned by Mr. Watkins but not involved in the collision in which Mr. Watkins was injured. The policy was purchased by Transamerican Equipment Company, Inc.; it covered Mr. Watkins's vehicle, because he had lent that vehicle to Transamerican Equipment. The issue presented is whether the circuit court erred in deciding, as a matter of law, that Mr. Watkins's ownership of a vehicle covered under an insurance policy with USF G did not entitle the Watkinses to UM coverage benefits under that policy where, at the time of the collision, Mr. Watkins was not operating that vehicle or any other vehicle covered under that policy.
Mr. Watkins was injured in Tuscaloosa County on December 10, 1991. A vehicle driven by Donovan L. Seals left the roadway and struck Mr. Watkins, who was standing beside a 1990 GMC Sierra pickup truck owned by Transamerican Properties, Inc. On February 21, 1992, the Watkinses filed an action against Mr. Seals. Mr. Watkins sought to recover damages for the personal injuries he had sustained in the collision, and *Page 339 
Mrs. Watkins sought damages for the loss of her husband's services and consortium. On December 9, 1992, the Watkinses amended their complaint to add USF G as a defendant and to state a claim for UM benefits under two policies.
The GMC pickup truck was a "covered auto" under a policy issued to Transamerican Properties by USF G. USF G conceded that the Watkinses were entitled to UM benefits under that policy and that Mr. Watkins's damages were at least $120,000, which is the UM coverage limit under that policy. Mr. Watkins owned a 1978 White tractor that he had lent to Transamerican Equipment Company, a corporation closely related to Transamerican Properties. The White tractor was a "covered auto" under a separate policy issued to Transamerican Equipment by USF G.
On October 13, 1993, USF G moved for a partial summary judgment, acknowledging that the Watkinses were entitled to UM coverage under the policy issued to Transamerican Properties but asserting that they were not entitled to UM coverage under the policy issued to Transamerican Equipment. USF G argued the following: that Mr. Watkins was operating a vehicle that was covered under the Transamerican Properties policy but that was not a listed, scheduled, or specifically described vehicle under the Transamerican Equipment policy; that Transamerican Equipment had specifically rejected UM coverage for the GMC pickup truck; and that Mr. Watkins was not an insured under the liability portion of the Transamerican Equipment policy and so was not entitled to UM coverage. The Watkinses responded with the argument that Mr. Watkins was an insured under the Transamerican Equipment policy because he owned the 1978 White tractor. On November 16, 1993, the circuit court entered a final partial summary judgment for USF G holding that Reginald Watkins had no UM coverage under the Transamerican Equipment policy.
The material facts are undisputed. The issue, then, is whether, as a matter of law, Reginald Watkins has no UM coverage under the Transamerican Equipment policy with USF G. Unless the named insured rejects UM coverage under a policy of insurance, the classification of an "insured" under the UM coverage of that policy must be at least as broad as under the bodily injury liability coverage provisions of the same policy. Ala. Code 1975, § 32-7-23(a); Sullivan v. State Farm Mut. Auto.Ins. Co., 513 So.2d 992, 994 (Ala. 1987). The plaintiffs correctly concede that Mr. Watkins must establish that he is an "insured" under the Transamerican Equipment policy in order to qualify for the UM coverage benefits provided therein. Thus, our analysis begins with the applicable provisions of that policy.
Insurance contracts are to be enforced as they are written, as long as there is no ambiguity in the provisions involved.St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.,595 So.2d 1375, 1377 (Ala. 1992) (citing Guaranty Nat'l Ins.Co. v. Marshall County Bd. of Educ., 540 So.2d 745 (Ala. 1989)). Further, the fact that the parties interpret the provisions of an insurance contract differently does not necessarily mean that the contract is ambiguous. See Wayne J.Griffin Elec., Inc., v. Dunn Constr. Co., 622 So.2d 314, 317
(Ala. 1993) (the fact that the parties had differing constructions of a subcontractor's release did not mean that the disputed language was ambiguous).
The liability coverage provision of the Transamerican Equipment policy explains "coverage" as follows:
 "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.' "
Even if we assume that there could be some legal liability for damages as a result of injury or damage caused by some accident and resulting from Mr. Watkins's ownership of the White tractor lent to Transamerican Equipment, the quoted provision clearly predicates liability coverage upon the further qualification that damages are sums an "insured" must pay. The policy defines an "insured" as "any person or organization qualifying as an insured in the Who Is An Insured *Page 340 
provision of the applicable coverage." That provision states:
"The following are 'insureds':
"a. You[1] for any covered 'auto.'
 "b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:
 "(1) The owner or anyone else from whom you hire or borrow a covered 'auto.' . . .
 "(2) Your employee if the covered 'auto' is owned by that employee or a member of his or her household.
". . . .
 "(5) A partner of yours for a covered 'auto' owned by him or her or a member of his or her household.
 "c. Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability."
Under the circumstances of this case, Mr. Watkins is not an "insured" under the Transamerican Equipment policy. The White tractor was a "covered "auto' " borrowed by the named insured, but it was not being used by Mr. Watkins at the time of the accident. Additionally, Mr. Watkins owned the "covered 'auto' "; under provision (b)(1), and perhaps (b)(2), that fact specifically excludes him from being an "insured." The Watkinses state that if the "1978 White Tractor was involved in an accident causing injury to a third party and if that third party sued [Mr.] Watkins as owner of the tractor, pursuant to the Transamerican Equipment policy USF G would be obligated to defend and to indemnify [Mr.] Watkins against the third party's claims." This is the crux of the Watkinses' argument, but they provide no support for it from within the terms of this policy. On the contrary, the argument is contradicted by the policy terms quoted above.
The Watkinses argue that to qualify for UM coverage benefits under this policy, they need not prove that Mr. Watkins was a "named insured" but only that he was a "person insured thereunder." The Watkinses point to the broader interpretation given to the latter term by this Court in construing §32-7-23(a), Ala. Code 1975. See State Farm Auto. Ins. Co. v.Reaves, 292 Ala. 218, 222, 292 So.2d 95 (1974) (stating that "the legislature intended to draw a distinction between the two types of insureds, and did indeed intend to require uninsured motorist coverage for the broader class 'persons insured thereunder' "). However, the fact that, under the UM coverage statute, Mr. Watkins would have been entitled to UM coverage benefits under the Transamerican Equipment policy if he were a person insured under that policy simply does not establish that Mr. Watkins was a person insured under the policy. The Watkinses' assertion that Mr. Watkins is entitled to liability coverage under the policy is contrary to the plain language of the policy's liability provision. Because the Watkinses concede that liability coverage is a precondition for the existence of UM coverage here, we hold that, as a matter of law, Mr. Watkins is not entitled to UM coverage benefits under the Transamerican Equipment policy with USF G.
Therefore, the circuit court properly entered the partial summary judgment for USF G.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The policy provides that the terms "you" and "your" refer to the "Named Insured" shown in the "Declarations." The Declarations state that the named insured is Transamerican Equipment Company, Inc.