Canal Insurance Company appeals from a judgment declaring that Canal and Old Republic Insurance Company owed concurrent liability coverage to the insured, Kenney Wilson, a defendant in a wrongful death action. Canal argues that it owes no liability coverage to Wilson under the facts of the underlying wrongful death action. The question is whether Wilson's automobile policy with Canal covered his trailer, under the circumstances of the accident that led to the wrongful death action.
On June 7, 1994, a logging truck owned by 7K Logging, Inc., and driven by a 7K employee, was towing a trailer owned by Wilson. A wheel came off the trailer and struck a vehicle, killing its driver, Waymon Williams. At the time of the accident, Wilson owned two Canal automobile insurance policies that provided primary and excess coverage to Wilson. The first page of the primary coverage policy described the vehicles covered as "1987 FREIGHTLINER TRACTOR AND ANY TRAILER SINGULARLY ATTACHED TO THE ABOVE-DESCRIBED TRACTOR," and it listed the vehicle identification number of the Freightliner tractor. The excess coverage policy stated that it provided coverage to Wilson only if the primary policy provided coverage.
In March 1995, Williams's widow filed a wrongful death action against 7K Logging, the 7K driver, Wilson, and Alfa Mutual Insurance Company (Williams's insurance carrier). In May 1995, Canal denied Wilson's claim for coverage under his Canal policy, and Wilson filed a complaint seeking a judgment declaring that he had insurance coverage with regard to the wrongful death action. Wilson named as defendants Canal Insurance Company, Williams's widow, 7K Logging, Inc., 7K's employee/driver, and Alfa Insurance Company. By amendment, Wilson added Old Republic Insurance Company as a defendant and sought coverage under an Old Republic policy issued to 7K Logging. Old Republic admitted that its policy provided coverage to Wilson, and it assumed the defense of Wilson in the wrongful death action.
In the declaratory judgment action, Old Republic filed a cross-claim against Canal, alleging that Canal had a duty to defend and indemnify Wilson and that Canal's coverage of Wilson was primary to, or at least was concurrent with, Republic's coverage of Wilson. Canal denied that its policy covered Wilson at all under these facts.
In May 1996, Old Republic funded a $750,000 settlement of the wrongful death action and obtained a full release on behalf of Wilson and all of the other defendants. On February 4, 1997, the trial court in the declaratory judgment action granted Wilson's motion to be dismissed as a plaintiff.
Old Republic and Canal filed cross motions for summary judgment in the declaratory judgment action. On February 24, 1997, the trial court denied both motions and entered the following order:
 "[T]he court hereby finds that Old Republic Insurance Company and Canal Insurance Company concurrently owe liability insurance coverage to [Wilson] relative to the wrongful death action arising out of the death of Waymon D. Williams presently pending . . . and that the said Old Republic Insurance Company and Canal Insurance Company owe [Wilson] a defense in the said wrongful death action.
 "The court further finds that Old Republic Insurance Company and Canal Insurance Company owe indemnification to [Wilson] for any judgment, verdict, settlement, or loss sustained as a result of, or growing out of, the said wrongful death action."
Canal filed a motion to "reconsider" that order. Following a hearing, the trial court denied the motion and certified the February 24, 1997, order as final, pursuant to Rule 54 (b), Ala. R. Civ. P.[1] *Page 11 
Canal argues that the policy it issued to Wilson does not cover Wilson's trailer that was involved in the accident, that it does not require Canal to defend Wilson in the wrongful death action, and that it does not require Canal to indemnify Old Republic for the coverage it provided Wilson or for the settlement it funded on Wilson's behalf in the wrongful death action.
Old Republic argues that: the trial court's judgment of concurrent coverage is correct because, it argues, the Canal policy is ambiguous and, therefore, must be construed to provide coverage for Wilson. Old Republic claims that an ambiguity arises when the "declarations" section and the definitions of "automobile" and "owned automobile" are read together.
The Canal policy reads, in pertinent part:
"Basic Automobile Liability Policy
"DECLARATIONS
"Item 1. Named Insured and Address
Kenney Wilson
Route 1, Box 481
Phil Campbell, AL 35581
"Item 2. Policy Period
From 12:01 A.M. 3/15/94 to 3/15/95
"Business of the named insured is PULPWOOD
". . . .
 "[Item] 3. Schedule as of Effective Date of this Insurance — As to (a) Owned Automobiles; Description; 1987 FREIGHTLINER TRACTOR AND ANY TRAILER SINGULARLY ATTACHED TO THE ABOVE-DESCRIBED TRACTOR
". . . .
"SECTION A — BASIC AUTOMOBILE LIABILITY INSURANCE
 "I. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence and arising out of ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an owned automobile or of a temporary substitute automobile.
". . . .
 "VI. DEFINITIONS: When used in this policy . . . `automobile' means a land motor vehicle, trailer or semi-trailer designed for travel on public roads. . . .
 "VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance): When used in reference to this insurance (including endorsements forming a part of the policy):
". . . .
"`owned automobile' means either
 "(a) an automobile which is owned by the named insured and described in the declarations; or
 "(b) an automobile ownership of which is newly acquired by the named insured during the policy period. . . ."
(Emphasis added.)
Item 3 of the declarations section of the Canal policy clearly provides coverage for specifically identified vehicles: one tractor (its make, year, and VIN number are listed) and "any trailer singularly attached to the above-described tractor." In Paragraph 1 of Section A, Canal agrees to pay damages caused by an occurrence arising out of the use of "an owned automobile." Paragraph VI defines "automobile" to include a trailer; however, Paragraph VII defines an "owned automobile" as "an automobile which is *Page 12 
owned by the named insured and described in the declarations"
(emphasis added).
Old Republic argues that ambiguity arises from the use of the phrase "any trailer" in Item 3 of the Declarations and from the definition of "Automobile" in Paragraph VI of Section A. However, the phrase "any trailer" is limited by the succeeding phrase, "singularly attached to the above-described tractor." The trailer was not attached to Wilson's Freightliner tractor at the time of the collision with Williams's vehicle, so the Canal policy did not provide coverage for it under the circumstances of that collision. The definition of "automobile" does not supersede the definition of "owned automobile" so as to cause the policy to cover all trailers owned by Wilson; rather, the definition of "owned automobile" must be applied to the coverage provision in Paragraph I of Section A, and that definition requires that the automobile be "described in the declarations." The only trailer described in the declarations is one attached to Wilson's Freightliner tractor, so the trailer in question was not an "owned automobile" within the terms of the Canal policy as it applies to the facts in question.
While limitations on coverage are to be interpreted as narrowly as possible so as to provide the maximum allowable coverage to the insured (American States Ins. Co. v. Martin, 662 So.2d 246
(Ala. 1995)), parties' conflicting constructions of otherwise unambiguous policy language do not necessarily render the disputed language ambiguous. Upton v. Mississippi Valley TitleInsurance Co., 469 So.2d 548 (Ala. 1985); Watkins v. UnitedStates Fid. . Guar Co., 656 So.2d 337 (Ala. 1994). Courts may not rewrite the terms of a policy or interpret unambiguous policy language so as to provide coverage that was not intended by the parties. Altiere v. Blue Cross Blue Shield of Alabama,551 So.2d 290 (Ala. 1989). See, also, Home Indemnity Co. v. EmployersNational Insurance Corp., 564 So.2d 945 (Ala. 1990).
"`[L]anguage is ambiguous when it may be understood in more than one way or when it refers to two or more things at the same time.' American Reliance Insurance Co. v. Mitchell, 238 Va. 513,547, 385 S.E.2d 583, 585 (1989)." Zitterow v. Nationwide MutualInsurance Co., 669 So.2d 109, 112 (Ala. 1995). Here, the trial court found an ambiguity where there was none. By its unambiguous terms, the Canal policy did not cover Wilson's trailer that was involved in the collision in which Williams was killed, because it was not "singularly attached to the above-described tractor."
Old Republic alternatively argues that Canal is estopped from denying Wilson coverage or a defense and indemnity in the wrongful death action. In a letter to Wilson dated April 24, 1995, a Canal claims supervisor wrote:
 "This will acknowledge that we have received the summons and complaint filed against you [in the wrongful death action].
 "We have retained the law firm of Parsons, Lee Juliano to defend your interest in this matter. . . .
 ". . . It is possible ... that the case could result in a verdict which is in excess of the limits of your policies with us. . . . For this reason, you may, if you wish, and at your own expense, retain additional counsel to represent your interest above the amount of your policy. . . ."
It is unclear why Canal sent this letter, because it has otherwise consistently taken the position that its policy does not cover the collision in which Williams was killed. However, an insurer's duty to defend can be more extensive than its duty to pay. Ladner Co. v. Southern Guar. Ins. Co., 347 So.2d 100, 102
(Ala. 1977). This letter was sent shortly after the wrongful death action was filed in March 1995.
According to Old Republic, this letter indicates that Canal undertook the defense of Wilson without reserving the right to withdraw and that Canal waived the right to withdraw from the defense of Wilson. Burnham Shoes, Inc. v. West American InsuranceCo., 504 So.2d 238 (Ala. 1977); Campbell Piping Contractors, Inc.v. Hess Pipeline Co., 342 So.2d 766 (Ala. 1977). See also ShelbySteel Fabricators, Inc. v. United States Fid. Guar. Ins. Co.,569 So.2d 309 (Ala. 1990), in which the Court found that U.S.F. 
G. had provided sufficient notice of its *Page 13 
reservation of rights by sending a "non-waiver" form to its insured, Shelby Steel, even though U.S.F. G. first sent a reservation of rights letter to Shelby Steel after conducting a defense for longer than two years.
Canal asserts that both before and after the April 1995 letter it notified Wilson that he did not have coverage under his Canal policy for liability in the wrongful death action. Indeed, Wilson gave an affidavit in which he states that he notified his insurance agent of the Williams fatality in the accident involving his trailer on the day it occurred, and that "An agent called back that day or the next day and told me that my Canal policy would not cover the accident." Canal refers to a December 1994 letter that it sent denying coverage, but the record does not include a copy of such a letter.
However, we find no basis for applying the rule of BurnhamShoes and Campbell Piping to the facts of this case. In spite of the April 1995 letter, there is no indication that Canal in fact provided a defense to Wilson in the wrongful death action. Old Republic apparently provided such a defense pursuant to its policy covering 7K Logging. There is some indication that an attorney retained by Canal may have entered an appearance on behalf of Wilson, but there is no indication that any such attorney took an active role in the defense or did anything by which Wilson could have been prejudiced by virtue of the failure of the April 1995 letter to include a reservation of rights.
After receiving this letter in April 1995, Wilson filed in May 1995 the declaratory judgment action seeking a declaration that his Canal policy provided coverage for the Williams wrongful death action. Thus, he obviously did not rely on the April letter and assume that Canal would defend and indemnify him. Wilson later obtained a full release from any liability in the Williams action, as a result of the efforts of the legal representation supplied by Old Republic. He then moved in his action for a declaratory judgment for dismissal of his claims (the cross-claim was then pending, so he did not move simply to dismiss the action). Thus, he was not prejudiced by the failure of the April 1996 letter to include a reservation of rights.
Moreover, we question whether Old Republic could step into Wilson's shoes to assert an estoppel based on the failure of the April 1995 letter to reserve Canal's right to deny coverage. However, because, under the circumstances, we find no basis on which Wilson could invoke the lack of a reservation of rights, we do not decide this question.
Old Republic also cites evidence from Wilson indicating that his insurance agent told him that all three of his trailers "would be covered" by the Canal policy. Although this evidence might support a claim by Wilson alleging fraud or negligent failure to secure coverage, it does not create coverage for the benefit of Old Republic where none is provided by the policy.Southern United Life Ins. Co. v. Gregory, 508 So.2d 247 (Ala. 1987).
For the foregoing reasons, the judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, and LYONS, JJ., concur.
[1] The record contains a motion to dismiss filed by Williams's widow, but none by the remaining defendants in the declamatory judgment action. There is no written ruling on the widow's motion.
The February 24, 1997, order does not mention the other defendants; however, the case action summary sheet contains the following notations:
"D001 [Canal] DISPOSED BY BENCH TRIAL 2/24/97
"D002 [Williams] DISPOSED BY BENCH TRIAL 2/24/97
"D003 [7K driver] DISPOSED BY BENCH TRIAL 2/24/97
"D004 [7K Logging] DISPOSED BY BENCH TRIAL 2/24/97
"D005 [Alfa] DISPOSED BY BENCH TRIAL 2/24/97
"D006 [Old Republic] DISPOSED BY BENCH TRIAL 2/24/97"
Thus, it appears that, notwithstanding the entry of the Rule 54 (b) order, the trial judge considered all claims against all parties to have been disposed of. We express no opinion regarding the procedure of the dismissal of Wilson's claim and the entry of judgment; our point here is only that the judgment on the cross-claim is final and appealable.