THOMPSON, Judge,
dissenting.
I disagree with the conclusion that the policy is unclear regarding the coverage of Webb’s Ford F350 truck. National Security’s automobile policy provided coverage for damage resulting from the ownership, maintenance, or use of a “covered auto.” The policy specifically defines “auto” to include motor vehicles, but specifically excludes “mobile equipment.” The term “mobile equipment” is defined to include “vehicles which are maintained primarily to provide mobility to permanently mounted cranes.” These terms are clear and unambiguous. Other jurisdictions, dealing with similar cases, have held policy terms containing identical language to be clear and unambiguous. See Russo v. Veran, Inc., 488 So.2d 372 (La.Ct.App.1986), and Schmidt v. Luchterhand, 62 Wis.2d 125, 214 N.W.2d 393 (1974).
Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. The fact that the parties advance conflicting constructions of a policy provision does not make the provision ambiguous. Canal Ins. Co. v. Old Republic Ins. Co., 718 So.2d 8 (Ala.1998). When language in an insurance policy is clear and unambiguous, courts aré not permitted to rewrite the policy to create a result contrary to the intentions of the contracting parties. Id. In the present case, Scottsdale Insurance Company issued a commercial general-liability policy that specifically covered mobile equipment and excluded coverage for damages arising out of the use of an “auto.”
It is undisputed that the truck was stationary and that the accident involved only the crane portion of the truck. Webb’s truck was not traveling on a public road, nor was it transporting equipment at the time the accident occurred. Therefore, at the time of the accident the truck was not being used as an “auto” under the terms of the automobile-liability policy. Other jurisdictions have determined that accidents involving cranes or other equipment permanently attached to a truck covered under an automotive policy, did not arise from the “use of the truck.” See Waldbillig v. State Farm Mutual Automobile Ins. Co., 321 N.W.2d 49 (Minn.1982); and Schmidt, supra.
Because I conclude that this loss was properly covered under Scottsdale’s commercial general-liability policy and not under the automobile-liability policy in *429 question, I would affirm the summary judgment in favor of National Security.
CRAWLEY, J., concurs.