814 So.2d 877 (2001)
B.D.B. and P.S.
v.
STATE FARM MUTUAL AUTMOBILE INSURANCE COMPANY.
2990114.
Court of Civil Appeals of Alabama.
May 11, 2001.
*878 Melissa A. Moreau and Robert L. Gonce of Gonce, Young, Sibley & Moreau, Florence, for appellants.
J. Michael Tanner of Ashe, Tanner, Wright & Kelley, P.C., Tuscumbia, for appellee.
THOMPSON, Judge.
B.D.B. was born in 1985 while her parents were dating. Her parents never married. B.D.B. has been in the primary physical custody of her mother, P.S., from her birth. The most recent custody-visitation order awarded the father visitation rights "[two] Saturdays per month for not less than 8 hours nor more than 12 hours with the visitation falling between the hours of 9:00 a.m. and 9:00 p.m." B.D.B.'s father exercised visitation with her and paid child support and provided medical insurance.
On September 7, 1996, while B.D.B. was visiting with her father, she was struck by a van while crossing Woodward Avenue in Muscle Shoals. The van was driven by L.B.M. On June 16, 1997, B.D.B. and P.S., sued L.B.M. for damages based on injuries B.D.B. sustained when struck by the van. They later amended their complaint to seek insurance benefits from State Farm Mutual Automobile Insurance Company, her father's automobile insurance carrier. State Farm moved for a summary judgment, claiming that B.D.B. was not covered under her father's automobile policy because, it argued, she did not fall within the policy definition of "relative." The trial court granted State Farm's motion for summary judgment on October 8, 1999. B.D.B. and her mother appealed. The *879 Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The father's automobile insurance policy with State Farm provided uninsured-motorist coverage to relatives of B.D.B. The term "relative," as defined in the policy, is "a person related to you or your spouse by blood, marriage, or adoption who lives primarily with you."[1]
B.D.B. and her mother argue that they alleged sufficient facts to permit a jury to answer the question whether B.D.B. falls within the policy definition of "relative." They argue that the court had before it evidenceregarding material factsthat was subject to conflicting interpretations and thus that the summary judgment was improper. They point to evidence of several facts they claim support their contention. First, they argue that at the time of the accident, B.D.B. was primarily living with her father because she was visiting with him. They further assert that B.D.B. falls within the policy definition of "relative" because, as a matter of public policy, they say, she should be considered a resident of both parents' homes. As proof of her contention that she lived primarily with her father, B.D.B. stated that she maintained a bedroom in her father's house, that she stayed overnight with her father on occasion, and that some of her personal belongings remained at his house. B.D.B.'s mother stated that both parent's addresses are listed on B.D.B.'s school records. B.D.B. further contends that the phrase "lives primarily with you" is ambiguous and must be interpreted in favor of providing coverage.
The interpretation of an insurance contract presents a question of law. See Holt v. State Farm Mut. Auto. Ins. Co., 507 So.2d 388 (Ala.1986). Issues of insurance coverage are therefore properly decided on a motion for summary judgment. "Our standard of review in cases involving summary judgments is de novo." Lee v. Burdette, 715 So.2d 804, 806 (Ala. Civ.App.1998). A party is entitled to a summary judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. "In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact" and whether the movant "is entitled to [a] judgment as a matter of law." Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c)(3), Ala. R. Civ. P. "[I]f the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden ... shifts to the non-movant." The nonmovant must then "show `substantial evidence' in support of his position." Bass v. SouthTrust Bank, 538 So.2d 794, 797-98 (Ala.1989). Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
When analyzing an insurance policy, a court gives words used in the *880 policy their common, everyday meaning and interprets them as a reasonable person in the insured's position would have understood them. Western World Ins. Co. v. City of Tuscumbia, 612 So.2d 1159 (Ala. 1992); St. Paul Fire & Marine Ins. Co. v. Edge Mem'l Hosp., 584 So.2d 1316 (Ala. 1991). If, under this standard, they are reasonably certain in their meaning, they are not ambiguous as a matter of law and the rule of construction in favor of the insured does not apply. Bituminous Cas. Corp. v. Harris, 372 So.2d 342 (Ala.Civ. App.1979). Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. Canal Ins. Co. v. Old Republic Ins. Co., 718 So.2d 8 (Ala. 1998). A policy is not made ambiguous by the fact that the parties interpret the policy differently or disagree as to the meaning of a written provision in a contract. Watkins v. United States Fid. & Guar. Co., 656 So.2d 337 (Ala.1994). A court must not rewrite a policy so as to include or exclude coverage that was not intended. Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala.1985). Giving the words of the State Farm policy their common, everyday meaning, we must look to see whether the evidence created a genuine issue of fact as to whether B.D.B. "lives primarily with" her father.
In determining the common meaning of the terms of an insurance policy, this court has looked to dictionary definitions. See Boone v. Safeway Ins. Co. of Alabama, Inc., 690 So.2d 404 (Ala.Civ.App. 1997). In Merriam Webster's Collegiate Dictionary, Tenth Edition, (1999), "primarily" is defined as "for the most part, chiefly." Accordingly, we conclude that the term "primarily," when considered in light of the facts of this case, is not ambiguous. The common definitions of the term leave us with no doubt as to the meaning of the term. It is clear from the language of the policy that the terms of the policy provided no coverage to B.D.B. because she does not live chiefly with her father.
Although no Alabama case has defined the phrase "lives primarily with you" within the context of the policy's definition of "relative," and that phrase has yet to be defined in any other jurisdiction, B.D.B. argues that two cases that discuss the phrase "lives with you" are dispositive.[2] In Withers v. State Farm Mutual Automobile Insurance Co., 580 So.2d 582 (Ala. 1991), and Davis v. State Farm Mutual Automobile Insurance Co., 583 So.2d 225 (Ala.1991), the supreme court held that the phrase "lives with you" was ambiguous. However, we do not agree that the phrase "lives primarily with you" is ambiguous, because in this present case we conclude that the definition of "primarily" is clear. The phrase "lives primarily with you" is not so broad as to violate public policy declared by the statute governing uninsured-motorist coverage. A court should follow the clear language of the policy in deciding whether B.D.B. is covered under her father's automobile insurance policy with State Farm. The language of the policy is clear; to hold that B.D.B. was covered by the policy would be contrary to that clear language.
B.D.B. also relies on a Mississippi case in which the court held that for purposes of uninsured-motorist coverage, a minor is a resident of each parent's household. See Aetna Cas. & Sur. Co. v. Williams, 623 So.2d 1005 (Miss.1993). The question whether a child can be said to "reside" with the noncustodial spouse for purposes of uninsured-motorist coverage has been *881 considered in several jurisdictions, with mixed results. Where custody has been determined, and the arrangement is fashioned as a joint-custody situation, most courts have found coverage for the minor child under the noncustodial parent's policy subject to the provision that the noncustodial parent must have a presence in the minor child's life. See Casolari v. Pipkins, 253 Ill.App.3d 265, 191 Ill.Dec. 580, 624 N.E.2d 429 (1993); and Adams v. Great American Ins. Companies, 87 Wash.App. 883, 942 P.2d 1087 (1997). Coverage has also been found where there is a significant physical presence by the noncustodial parent who is the named insured, if the child has an economic dependence on the named insured and there is a permanence of living arrangements between the named insured and the minor child. See Butler v. MFA Mut. Ins. Co., 356 So.2d 1129 (La.Ct. App.1978)(where the noncustodial father owned the house where the minor child lived and spent a substantial amount of time there); American Family Mut. Ins. Co. v. Thiem, 503 N.W.2d 789 (Minn. 1993)(where the parents established a cooperative effort for the minor child and each parent's intention was that the child be a resident of both households); Countryside Cas. Co. v. McCormick, 722 S.W.2d 655 (Mo.Ct.App.1987)(where the court noted that the most significant factor in determining residence is custody but that a child may be held to reside with a noncustodial parent where there are periods of residence with both parents and the noncustodial parent provides substantial support of the child and the home where the child resides); Garrison v. Travelers Ins. Co., 261 N.J.Super. 209, 618 A.2d 387 (1992)(where the court ruled that a court is to consider factors in the aggregate when determining whether a child of divorced parents is a resident of the noncustodial parent's household, including the age of the child, the regularity of visitation, the quality of the parent-child relationship, and the parent's child-support status); Davenport v. Aetna Cas. & Sur. Co. of Illinois, 144 Ga.App. 474, 241 S.E.2d 593 (1978)(where the court stated that the aggregate details of the living arrangements are controlling); and Mobley v. State Farm Mut. Auto. Ins. Co., 674 So.2d 1117 (La.Ct.App.), writ denied, 679 So.2d 433 (La.1996)(where the court held that the question whether a relative "lives with" the named insured is to be determined on a case-by-case basis according to the facts and circumstances of each case).
The definition of the term "relative" in the policy in this case is different from the definitions used in the cases cited above. The policy in this case defines "relative" as one "who lives primarily with you." We do not disagree with the proposition that a child of separated or divorced parents may be regarded as a resident of the household of both parents, and, if this policy had different language, then we might reach a very different result here. The language in this policy, however, is clear and unambiguous. Our careful review of the record, viewed in the light most favorable to B.D.B., requires the conclusion that B.D.B. does not primarily live with her father. The fact that B.D.B. kept personal items at her father's house and spent two Saturdays a month with him does not compel the conclusion that she lived primarily with him.
Given the facts of this case, considered in light of the policy definition of "relative," we must conclude that B.D.B. is not a "relative" within the meaning of the policy and thus is not entitled to benefits under her father's uninsured-motorist coverage.
AFFIRMED.
PITTMAN, J., concurs.
*882 MURDOCK, J., concurs specially.
YATES, P.J., and CRAWLEY, J., dissent.
MURDOCK, Judge, concurring specially.
I agree with the majority, and I write further to comment on the public-policy issue discussed by the dissent.
As the main opinion notes, under Alabama law an insurer has the right to limit its coverage through the use of exclusionary language so long as that insurer does not thereby violate the statutes or the public policy of this state. Section 32-7-23, Ala.Code 1975, pertaining to uninsured-motorist insurance coverage, mandates that such coverage within a motor-vehicle liability-insurance policy must be provided (unless rejected by the named insured) "for the protection of persons insured thereunder." The policy at issue in this case provides that the persons insured thereunder include "relatives" of the named insured. However, unlike cases in which phrases such as "lives with" are deemed ambiguous,[3] the policy at issue in this case defines an insured's "relative" as one who "live[s] primarily with" the named insured.
Thus, as all members of this court acknowledge, the policy at issue in this case is not ambiguous and B.D.B. is not a person "insured" under the terms of that policy, because she does not live primarily with her father, the named insured. Section 32-7-23, therefore, does not require that State Farm afford uninsured-motorist insurance coverage to her under her father's policy.
I understand the concerns expressed by the dissent; however, in the absence of a legislative policy choice that uninsured-motorist insurance coverage must be afforded to children who are unquestionably not "living primarily" with the named insured, and in the absence of binding Alabama authority for the proposition that a noncustodial parent's general duty to support his or her children somehow applies specifically to override the freedom of that parent and an insurance company to contractually agree to more limited coverage in an automobile liability-insurance policy, this court should not "rewrite" B.D.B.'s father's insurance policy.
YATES, Presiding Judge, dissenting.
I agree that the definition of "relative" in the policy of B.D.B's father is unambiguous. However, State Farm's narrowly written definition, in my opinion, violates the public policy of Alabama. Therefore, I must dissent.
I agree with B.D.B. that State Farm has created two classes of children under its policies: (1) children of two-parent homes, who have the full benefit of both parents' choice of uninsured-motorist coverage and (2) children of broken homes, who are entitled only to the uninsured-motorist coverage of their custodial parent. By defining "relative" as "a person related to you or your spouse by blood, marriage or adoption who lives primarily with you," State Farm is depriving the noncustodial parent of a mechanism for providing for the health and safety of his or her child.
Unless the terms of an exclusion so narrowly restrict coverage as to render the contract unconscionable, the legislature, not the court, is the proper body one should complain to if he or she thinks an insurance exclusion permitted by law is too *883 broad. State Farm Fire & Cas. Co. v. Slade, 747 So.2d 293 (Ala.1999). However, when the coverage is mandated by a legislative statement of public policyas uninsured-motorist coverage isthen the question of coverage should be viewed in favor of the insured. Slade, 747 So.2d at 312.
Many children today live with only one parent, and often the noncustodial parent is in a better financial position to maintain insurance for the minor children or the noncustodial parent has been ordered by a court to provide insurance for the health and safety of the children.
State Farm's narrowly written policy cannot be reconciled with the public policy holding that parents should support their minor children. When the trial court awarded the mother primary custody, B.D.B.'s relationship with her father was not severed. Additionally, I note that the purpose of the uninsured-motorist statute is to provide coverage to innocent parties. Providing UM coverage for a child pursuant to the noncustodial parent's policy does not increase the risks to the insurer beyond those anticipated by a "family" policy.
State Farm's policy defines "relative" as follows: "Relativemeans a person related to you or your spouse by blood, marriage or adoption who lives primarily with you. It includes your unmarried and unemancipated child away at school." (Emphasis added.) This means, presumably, that both married and divorced parents could send their teenager to a private boarding school or to college and that the phrase "lives primarily with you" would be totally disregarded and coverage would still be provided. Therefore, a parent under the policy at issue could provide coverage for a child living in the same town, out of town, or out of state attending a boarding school or college; however, a parent would not be able to provide the same coverage for a child who lives in the same neighborhood or across town with his custodial parent, based on a determination as to the amount of time spent between the two households.
In Beverly v. Chandler, 564 So.2d 922, 924 (Ala.1990), the supreme court stated:
"`[T]he principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reason on which the doctrine rests. The true test to determine whether a contract is unenforceable because of public policy is whether the public interest is injuriously affected in such a substantial manner that private rights thereunder should yield to the public interest.'"
(Citations omitted.) I believe that insurance-contract language requiring that, for purposes of coverage, a minor child must live primarily with a "named insured" parent in order to be protected by that parent's uninsured-motorist coverage does injuriously affect the public interest and does so in a substantial manner.
"It is well established in this state that a father has a legal and moral duty to support his minor children, and this duty exists even though the father is not the custodian of the children. This duty of support includes the obligation to pay for medical necessaries of the children."
Ex parte University of South Alabama, 541 So.2d 535, 537 (Ala.1989) (citations omitted). In the present case, all parties agree that B.D.B.'s father was required, by a judicial support order, to provide medical insurance for B.D.B.
Addressing the same issue this court now has before it, the Supreme Court of New Mexico held:
"As a named insured, [the father] is entitled to recover amounts expended on behalf of his dependent child for damages *884 suffered in an accident with an uninsured motorist. State Farm complains that the trial court did not set forth what public policy is violated by an insurance policy that limits a named insured's right to recover damages on behalf of an injured child by providing coverage when the child lives with the named insured and taking it away when the child does not. We stated almost twenty years ago, however, that `the Legislature did not intend to allow the creation of a gap in coverage which is contrary to the purpose of the statute.' Chavez [v. State Farm Mut. Auto. Ins. Co.], 87 N.M. [327] at 330, 533 P.2d [100] at 103 [ (1975)(holding that the insurer may not create gaps in uninsured-motorist coverage by creating exclusions dependent upon location or vehicles) ]. We emphasized that the purpose of the uninsured motorist statute is to protect an insured from losses that are uncompensated because of a tortfeasor's lack of liability coverage. Id. at 329, 533 P.2d at 102. [The father] is legally obligated and liable for his son's medical bills whether [the son] lives with his mother or with him or at a boarding school. If [the father] cannot recover those losses because of an exclusion, that exclusion violates the public policy clearly expressed in Chavez."
Loya v. State Farm Mut. Ins. Co., 119 N.M. 1, 8, 888 P.2d 447, 453-54 (N.M. 1994). Loya relies on Chavez v. State Farm Mutual Automobile Insurance Co., 87 N.M. 327, 533 P.2d 100 (N.M.1975). Chavez states the same purposes and policies for uninsured-motorist coverage that the Alabama Supreme Court has stated. Compare Chavez, 87 N.M. at 330, 533 P.2d at 103 (uninsured-motorist insurance "covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch") with State Farm Auto. Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974) (holding that uninsured-motorist coverage inures to a person, not a vehicle). Because Loya is based on law and policy that mirrors Alabama law and policy, I would adopt the reasoning of the Loya court and apply it in this case. Therefore, I dissent.
CRAWLEY, J., concurs.
NOTES
[1] In 1994, an amendatory endorsement contained in the State Farm policy changed the definition of "relative" to this definition.
[2] The State Farm policy used the phrase "lives with you" before the 1994 amendatory endorsement.
[3] E.g., Davis v. State Farm Mut. Auto. Ins. Co., 583 So.2d 225 (Ala.1991); Withers v. State Farm Mut. Auto. Ins. Co., 580 So.2d 582 (Ala. 1991); and Ex parte American Nat'l Prop. & Cas. Co., 742 So.2d 1212 (Ala.1999).