PER CURIAM.
State Farm Mutual Automobile Insurance Company (“State Farm”) appeals by permission, pursuant to Rule 5, Ala. R.App. P., from the denial of its summary-judgment motion in an action brought by Rachel Brown, a minor, by and through her parents, Michael Brown and Rosemary Gilbert, to recover uninsured/underin-sured-motorist (“UIM”) benefits. We reverse and remand.

Facts and Procedural History

For purposes of this permissive appeal, we assume the following relevant facts. Rachel is an unmarried and unemanci-pated minor whose parents are divorced. When Rachel’s parents divorced, they were awarded joint custody of Rachel. Rachel was injured in an automobile accident on February 2, 2004. At that time, Rachel lived primarily with her mother and attended a local high school. On February 28, 2006, Rachel sued State Farm seeking UIM benefits, which she alleged she was entitled to under Mr. Brown’s automobile insurance policy with State Farm.
Ultimately, State Farm filed a motion for a summary judgment, which the trial court denied. Subsequently, the trial court certified its interlocutory order denying State Farm’s summary-judgment motion for permissive review under Rule 5, Ala. R.App. P. Pursuant to Rule 5, State Farm then filed a petition for permission to appeal to this Court, which this Coui’t granted.
Discussion
In its certification for permissive appeal, the trial court must include a statement of the controlling question of law. In conducting our de novo review of the question presented on a permissive appeal, “this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a)[, Ala. R.App. PJ.” BE & K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala.2003). Therefore, the only issue before this Court is the following question of law identified by the trial court in its Rule 5 certification:
“Assuming that at the time of her accident Rachel ‘live[d] primarily’ with her mother and not with [Mr. Brown], whether she nevertheless qualifies as
*1169 [Mr. BrownJ’s ‘relative’ as his ‘unmarried and unemancipated child away at school’ so as to be entitled to UIM benefits under [Mr. Brown]’s State Farm policfy]?”
The answer to this controlling question of law hinges on the interpretation of the language in the UIM provision in Mr. Brown’s automobile insurance policy. Mr. Brown’s policy provides UIM benefits to those “insured” under the policy. Under the UIM-coverage section of the policy, “insured” is defined as follows:
“Insured — means the person or persons covered by uninsured motor vehicle coverage.
“This is:
“1. the first person named in the declarations;
“2. his or her spouse;
“3. their relatives .... ”
(Emphasis added.)
Rachel claims that she is entitled to UIM benefits under the policy because she is Mr. Brown’s “relative,” a term defined in the policy as follows: “Relative — means a person related to you or your spouse by blood, marriage or adoption who lives primarily with you. It includes your unmarried and unemancipated child away at school.” (Emphasis added.) The controlling question of law as posed by the trial court assumes that Rachel was not living primarily with Mr. Brown at the time of the accident.
Although this Court has previously addressed the first sentence of State Farm’s two-sentence definition of “relative” — “a person related to you or your spouse by blood, marriage or adoption who lives primarily with you” — in an identical policy provision, State Farm Mutual Automobile Insurance Co. v. Harris, 882 So.2d 849 (Ala.2003), we have not yet addressed the second sentence containing the language at issue in this case.[1]
“When analyzing an insurance policy, a court gives words used in the policy their common, everyday meaning and interprets them as a reasonable person in the insured’s position would have understood them. Western World Ins. Co. v. City of Tuscumbia, 612 So.2d 1159 (Ala.1992); St. Paul Fire & Marine Ins. Co. v. Edge Mem'l Hosp., 584 So.2d 1316 (Ala.1991). If, under this standard, they are reasonably certain in their meaning, they are not ambiguous as a matter of law and the rule of construction in favor of the insured does not apply. Bituminous Cas. Corp. v. Harris, 372 So.2d 342 (Ala.Civ.App.1979). Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. Canal Ins. Co. v. Old Republic Ins. Co., 718 So.2d 8 (Ala.1998). A policy is not made ambiguous by the fact that the parties interpret the policy differently or disagree as to the meaning of a written provision in a contract. Watkins v. United States Fid. & Guar. Co., 656 So.2d 337 (Ala.1994). A court must not rewrite a policy so as to include or exclude coverage that was not intended. Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala.1985).”
B.D.B. v. State Farm Mut. Auto. Ins. Co., 814 So.2d 877, 879-80 (Ala.Civ.App.2001). However, if a provision in an insurance policy is found to be genuinely ambiguous, “policies of insurance should be construed *1170 liberally in respect to persons insured and strictly with respect to the insurer.” Crossett v. St. Louis Fire & Marine Ins. Co., 289 Ala. 598, 603, 269 So.2d 869, 873 (1972).
Both State Farm and Rachel argue that State Farm’s definition of the term “relative” is not ambiguous. State Farm alleges that the “words used in the policy,” when interpreted “as a reasonable person in the insured’s position would have understood them,” 814 So.2d at 880, require that the two sentences that compose the definition of the term “relative” in the policy be read conjunctively. Thus, State Farm contends, reading the sentences conjunctively, this Court must first determine with whom Rachel “lives primarily” before getting to the question whether she was “away at school.” Such a reading requires Rachel to be, while “away at school,” away from her primary residence, not simply the policyholder’s residence, in order to recover UIM benefits under Mr. Brown’s policy.
Rachel, on the other hand, argues that a plain-meaning reading of the two-sentence definition of “relative” in the policy requires that the sentences be read disjunc-tively. Thus, according to Rachel, the second sentence in the definition of “relative” stands alone, and there is no need to first determine with whom an unmarried and unemancipated child who is away at school “lives primarily.” Rather, Rachel argues, in order to recover UIM benefits under Mr. Brown’s policy, she merely needs to be away from Mr. Brown’s home and enrolled in school.
We hold that the definition of “relative” in the State Farm policy is not ambiguous, and we agree with State Farm’s interpretation. When the words in the policy are given their common, everyday meaning, it is clear that the first sentence of the definition provides coverage for a policyholder’s child who lives primarily in the policyholder’s home. For purposes of the certified question in this case, it is assumed that Rachel lives primarily with her mother and, thus, is not included within the first sentence of the definition of “relative” in the policy. The second sentence is obviously intended to expand on the first sentence and to indicate that a child who is away at school is not excluded from the term “relative” in the policy by virtue of the language “lives primarily with you.” Although the policy does not define the phrase “away at school,” the language must be interpreted as a reasonable person in the policyholder’s position would have understood the common, everyday meaning of the phrase. A child whose primary residence is not the policyholder’s residence and who is attending a local high school is not “away at school” under any reasonable interpretation of that phrase. To read the two-sentence definition of “relative” disjunc-tively would, in effect, rewrite State Farm’s policy to expand UIM coverage to unintended beneficiaries.
For these reasons, we answer the controlling question of law identified by the trial court in the negative. Rachel cannot “qualifiyj as [Mr. Brownj’s ‘relative’ as his ‘unmarried and unemancipated child away at school’ so as to be entitled to UIM benefits under [Mr. Brownj’s State Farm polic[y,j” because she does not live primarily with Mr. Brown, her father, and she is not temporarily away from her primary residence for the purpose of attending school. Thus, State Farm’s summary-judgment motion is due to be granted.

Conclusion

Based on the foregoing, the trial court’s order denying State Farm’s summary-judgment motion is reversed, and this case is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
*1171 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. State Farm alleges that this Court and the Court of Civil Appeals decided in Harris and B.D.B. v. State Farm Mutual Automobile Insurance Co., 814 So.2d 877 (Ala.Civ.App.2001), respectively, that the definition of "rel-alive” in State Farm’s policy is not ambiguous. However, Harris and B.D.B. addressed only the first sentence of State Farm's definition of "relative,” not the language in the second sentence that is at issue here.