IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 10, 2020 Session

## PROGRESSIVE SPECIALTY INSURANCE COMPANY v. JEE YUN KIM ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2017-CV-2567     Ross H. Hicks, Judge**

_____

### No. M2019-01998-COA-R3-CV

_____

After being injured in a car accident, a man filed a negligence lawsuit against several defendants, including the driver of the vehicle and the company that employed the driver. The insurance company that provided insurance coverage to the company in Alabama filed a declaratory judgment action seeking a determination of whether the policy provided liability coverage for the company in the underlying tort action. After the insurance company and the plaintiff in the underlying tort action filed cross-motions for summary judgment, the trial court granted summary judgment to the insurance company based on respondeat superior principles. We conclude that the trial court erred in granting summary judgment to the insurance company because, under Alabama law, the policy provided liability coverage for the company at the time the accident occurred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

David Randolph Smith and Dominick Randolph Smith, Nashville, Tennessee, for the appellant, Jee Yun Kim.

John Thomas Feeney, Brentwood, Tennessee, for the appellee, Progressive Specialty Insurance Company.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This action arose out of a single car accident in which Elezar Hernandez Cupido struck Jee Yun Kim on October 2, 2016. In 2016, Mr. Cupido worked for Leticia Garcia d/b/a Sanchez Construction ("Sanchez") as the foreman on a construction crew performing concrete work at the Hankook Tire Factory ("Hankook") that was being built in Clarksville, Tennessee. To get to work at the Hankook construction site on the morning of the accident, Mr. Cupido drove a 2008 Nissan Pathfinder owned by his wife, Patricia Perez Sanchez.[1] Upon arriving at the Hankook premises, he had to stop at a security gate, exit the vehicle, and walk to "a guard shack" to scan his badge before he could continue driving to the construction site. On this particular morning, Mr. Cupido stopped the Pathfinder at the security gate but failed to put the transmission into park before exiting the vehicle to scan his badge. The vehicle rolled forward and struck Mr. Kim, who was walking by the vehicle after scanning his own badge, pinning him between the Pathfinder and a forklift. Mr. Kim sustained a fractured leg and permanent muscle and tissue damage as a result of the accident.

Mr. Kim filed a complaint in the circuit court for Montgomery County and then filed a complaint in the circuit court for Davidson County seeking to recover personal injury damages from multiple defendants including Sanchez, Ms. Garcia, Mr. Cupido, and Ms. Sanchez, for the October 2, 2016 accident. On December 8, 2017, Progressive Specialty Insurance Co. ("Progressive") filed a declaratory judgment action in the circuit court for Montgomery County seeking a determination of whether a commercial automobile policy issued by Progressive and delivered to Sanchez provided liability insurance coverage to Sanchez or Mr. Cupido in the underlying tort suit. Progressive argued that the policy provided no liability insurance coverage because the Pathfinder was not a vehicle insured by the policy.

Mr. Kim filed a response to the complaint for a declaratory judgment and then filed a motion for summary judgment. In his motion, Mr. Kim argued that the Pathfinder was insured under the insurance policy's "any auto" provision which provided coverage for any vehicle "used in [Sanchez's] business" or, in the alternative, under the "temporary substitute auto" provision. On June 26, 2019, Progressive filed a cross-motion for summary judgment asserting that it was entitled to summary judgment because neither provision relied on by Mr. Kim provided coverage for the Pathfinder. Specifically, Progressive asserted that the "any auto" provision did not apply because Mr. Cupido was merely commuting to work at the time of the accident.

---

[1] Ms. Sanchez has no ownership interest in or other relationship to Sanchez Construction.

After hearing arguments on the summary judgment motions, the trial court entered an order granting Progressive's motion for summary judgment and denying Mr. Kim's motion. Relying on respondeat superior principles, the court determined that "[t]here is nothing in the law which would allow the conclusion" that Mr. Cupido was operating the Pathfinder in Sanchez's business. The court based this determination on its conclusion that Mr. Cupido was not operating the Pathfinder within the scope of his employment at the time of the accident because he "was hired as a concrete finishing supervisor[,] and traveling toward the general entrance gate to the overall project was not what he [was] hired to do and did not benefit [Sanchez]."

On appeal, Mr. Kim raises several issues for our review, which we consolidate and restate as follows: whether the trial court erred in granting summary judgment to Progressive.

STANDARD OF REVIEW

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). This means that "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We "must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *see also Acute Care Holdings, LLC v. Houston Cnty.*, No. M2018-01534-COA-R3-CV, 2019 WL 2337434, at *4 (Tenn. Ct. App. June 3, 2019).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting TENN. R. CIV. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery materials that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06. If the moving party fails to show he or she is entitled to summary judgment, however, "'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" *Martin v. Norfolk S. Ry. Co.*, 271

S.W.3d 76, 83 (Tenn. 2008) (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). A disputed fact is material if it is determinative of the claim or defense at issue in the motion. *Id.* at 84 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

ANALYSIS

I. Choice of law.

Under Tennessee law, an insurance policy "which was not issued nor delivered in Tennessee is not a Tennessee contract, and thus is not controlled by Tennessee law." *Nelson v. Nelson*, 409 S.W.3d 629, 632 (Tenn. Ct. App. 2013); *see also Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006). Here, Sanchez is a sole proprietorship operated in Birmingham, Alabama. Progressive issued and delivered the liability insurance coverage policy to Sanchez in Alabama. Thus, the insurance policy is an Alabama contract, and the substantive law of Alabama controls the determination of whether the insurance policy provides coverage for Sanchez in the underlying tort action.

II. Any auto provision.

Mr. Kim asserts that the trial court erred in concluding that the Pathfinder was not an insured vehicle under the policy's "any auto provision." Under Alabama law, the general rules of contracts govern insurance policies. *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So.2d 687, 691 (Ala. 2001). Courts construe an insurance policy "'so as to give effect to the intention of the parties, and to determine this intent, a court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions.'" *Id.* at 691-92 (quoting *Att'ys Ins. Mut. of Ala., Inc. v. Smith, Blocker & Lowther, P.C.,* 703 So.2d 866, 870 (Ala.1996)). Additionally, Alabama courts apply the following principles of contract interpretation when construing an insurance policy:

> [A] court gives words used in the policy their common, everyday meaning and interprets them as a reasonable person in the insured's position would have understood them. *Western World Ins. Co. v. City of Tuscumbia*, 612 So.2d 1159 (Ala. 1992); *St. Paul Fire & Marine Ins. Co. v. Edge Mem'l Hosp.*, 584 So.2d 1316 (Ala. 1991). If, under this standard, they are reasonably certain in their meaning, they are not ambiguous as a matter of law and the rule of construction in favor of the insured does not apply. *Bituminous Cas. Corp. v. Harris*, 372 So.2d 342 (Ala. Civ. App. 1979). Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. *Canal Ins. Co. v. Old Republic Ins. Co.*, 718 So.2d 8 (Ala. 1998). A policy is not made ambiguous by the fact that the parties interpret the policy differently or disagree as to the meaning of a written provision in a contract. *Watkins v. United States Fid. & Guar.*

*Co.*, 656 So.2d 337 (Ala. 1994). A court must not rewrite a policy so as to include or exclude coverage that was not intended. *Upton v. Mississippi Valley Title Ins. Co.*, 469 So.2d 548 (Ala. 1985).

*B.D.B. v. State Farm Mut. Auto. Ins. Co.*, 814 So.2d 877, 879-80 (Ala. Civ. App. 2001); *see also Travelers Cas. & Sur. Co. v. Ala. Gas Corp.*, 117 So.3d 695, 699-700 (Ala. 2012). "[I]f a provision in an insurance policy is found to be genuinely ambiguous, 'policies of insurance should be construed liberally in respect to persons insured and strictly with respect to the insurer.'" *State Farm Mut. Auto. Ins. Co. v. Brown*, 26 So.3d 1167, 1169-70 (Ala. 2009) (quoting *Crossett v. St. Louis Fire & Marine Ins. Co.*, 269 So.2d 869, 873 (Ala. 1972)).

In order to decide whether the insurance policy at issue here provided liability coverage for Sanchez in the underlying tort action, we must determine whether the Pathfinder was an insured vehicle under the policy's "any auto" provision. Pursuant to that provision, the definition of "insured auto" included "any auto while used in your [Sanchez's] business."[2] Thus, our determination of this issue depends on whether, at the time of the accident, Mr. Cupido was using the Pathfinder in Sanchez's business. This Court is unaware of any Alabama caselaw construing an insurance policy containing the phrase "while used in your business," and the policy does not define that phrase. "An undefined word or phrase in an insurance policy does not create an inherent ambiguity." *Twin City Fire*, 817 So.2d at 692. Rather, a court should construe an undefined word or phrase "according to the meaning a person of ordinary intelligence would reasonably give it. *The court should not define words it is construing based on technical or legal terms*." *Safeway Ins. Co. of Ala., Inc. v. Herrera*, 912 So.2d 1140, 1143 (Ala. 2005) (emphasis added); *see also Travelers*, 117 So.3d at 700.

In determining that the Pathfinder was not an insured vehicle under the insurance policy, the trial court construed the "any auto" provision based on *respondeat superior* principles. Thus, the trial court defined the phrase "while used in your business" as "work done within the scope of employment." The court reasoned that, because Mr. Cupido was employed as a foreman on Sanchez's concrete construction crew and because Sanchez did not benefit from Mr. Cupido carrying out tasks related to pouring, setting, and finishing concrete, Mr. Cupido was merely commuting to work and not performing any work within the scope of his employment at the time of the accident. Respondeat superior and the associated phrase "within the scope of employment" are legal terms. Thus, under Alabama law, the trial court erred in construing the phrase "while used in your business" based on those terms. *See Herrera*, 912 So.2d at 1143. Instead, the phrase "while used in your

---

[2] The insurance policy also defined "insured auto" as "[a]ny auto specifically described on the declarations page" of the policy. The parties agree that the Pathfinder was not a vehicle described on the declarations page and, therefore, was not covered by the insurance policy pursuant to that definition.

business" should be given "the meaning a person of ordinary intelligence would reasonably give it." *Id.*

As it is used in the insurance policy, an ordinary person would reasonably define the phrase "while used in your business" as differentiating between vehicles used for personal activities and those used for business activities. What makes an activity personal or business? The case *State Farm Fire & Casualty Co. v. Denmark*, No. 2:13-cv-01835-SCG, 2016 WL 721478 (N.D. Ala. Jan. 8, 2016) provides guidance on this issue. In *Denmark*, the court interpreted an insurance policy that had been issued to a beauty salon which stated, "If you are designated in the Declarations as: (a) an individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." *Denmark*, 2016 WL 721478, at *8. When the accident occurred, the owner of the salon was driving her husband's vehicle from her home to Hartselle, Alabama to have lunch with her sisters. *Id.* at *8-9. The insurance company filed a declaratory judgment action seeking a determination that the salon owner was not covered by the policy at the time of the accident because she was not operating the vehicle "in the conduct of the business." *Id.* at *4, *9. The policy did not define the phrase "conduct of a business." *Id.* at *9. After concluding that, "a person of ordinary intelligence would reasonably" define that phrase as distinguishing "between a business owner's personal and business activities," the *Denmark* court considered the purpose of the salon owner's activities on the day in question to determine whether they were personal or business. *Id.* Because the salon owner intended "to shop for items for the Salon" after eating lunch with her sisters, the court concluded that the salon owner's activities served a dual purpose. *Id.* Additionally, because the phrase "conduct of a business" was ambiguous as it related to activities serving a dual purpose, the court concluded that a genuine issue of material fact existed regarding whether the salon owner was insured at the time of the accident. *Id.* at *10.

In light of the analysis in *Denmark*, we look to the purpose of behind Mr. Cupido's activities to determine whether he was using the Pathfinder for a personal or business activity. At the time of the accident, Mr. Cupido was en route from his Sanchez-provided lodging to the Hankook construction site, where the concrete crew of which he was foreman was working. Mr. Cupido's purpose in traveling to the Hankook construction site was to "set up some anchor bolts" for work his concrete crew would be doing that week. Based on this evidence, we conclude that Mr. Cupido was using the Pathfinder for the purpose of Sanchez's business when the accident occurred. Therefore, the accident occurred while the Pathfinder was being used in Sanchez's business, making the Pathfinder an insured vehicle under the "any auto" provision. In light of the foregoing, we conclude that the trial court erred in granting summary judgment to Progressive and reverse the trial court's judgment. On remand, because there are no genuine issues of material fact and

because Mr. Kim is entitled to judgment as a matter of law, we direct the trial court to enter an order granting Mr. Kim's motion for summary judgment.[3]

CONCLUSION

The judgment of the trial court is reversed and the case is remanded for entry of a judgment granting summary judgment to Mr. Kim. Costs of this appeal are assessed against the appellee, Progressive Specialty Insurance Co., for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

---

[3] In his appellate brief, Mr. Kim argues in the alternative that the Pathfinder was insured under the insurance policy's "temporary substitute auto" provision. Based on our determination that the Pathfinder was covered under the "any auto" provision, this issue is pretermitted.