IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2013 Session

## DONALD K. NELSON v. GERALD E. NELSON ET AL.

**Appeal by Permission from the Circuit Court for Hamilton County**
**No. 09C170      Jacqueline S. Bolton, Judge**

_____

**No. E2012-01316-COA-R9-CV-FILED-FEBRUARY 22, 2013**

_____

This interlocutory appeal involves the question of whether the arbitration provisions contained in Tenn. Code Ann. §56-7-1206(f)-(k)(2008), a part of the Tennessee uninsured motorist ("UM") statutory scheme, apply to policies with UM coverage that were issued and delivered in Texas. The trial court held that the arbitration provisions do apply. The UM carriers, brought into this action pursuant to the provisions of Tenn. Code Ann. §56-7-1206(a), appealed that decision. We reverse the trial court's judgment.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Byron K. Lindberg, Nashville, Tennessee, for the appellant, Republic Underwriters Insurance Agency.

Tonya Kennedy Cammon, Chattanooga, Tennessee, for the appellant, Government Employees Insurance Company.

Andrew L. Berke and Jeremy M. Cothern, Chattanooga, Tennessee, for the appellee, Donald K. Nelson.

**OPINION**

I.

Donald K. Nelson ("Plaintiff") filed a complaint in the trial court seeking damages

for personal injuries sustained in an automobile accident involving Gerald E. Nelson[1] ("Defendant") which occurred in Chattanooga. Plaintiff is a resident of Texas and Defendant is a resident of Georgia. Plaintiff was insured under a personal automobile insurance policy issued by Government Employees Insurance Company ("GEICO") which was delivered to Plaintiff at his residence in Texas. His policy has UM coverage with limits of $50,000.

At the time of the accident, Plaintiff was on a business trip. His employer was insured under a business automobile commercial policy issued by Republic Underwriters Insurance Agency. This policy was also issued and delivered in Texas. This policy provides UM coverage with respect to automobiles owned by the employer that are "licensed or principally garaged in . . . Texas." Plaintiff was driving a rental car when the accident occurred.

Republic filed a motion in the tort action seeking summary judgment. It argued that, because Plaintiff was not driving a "covered auto," he was not entitled to recover UM benefits under the employer's policy. The trial court denied Republic's motion.

Republic and GEICO then asked the court to sever the trial and hold a separate hearing on the coverage issues. Plaintiff filed a motion seeking to compel Republic and GEICO to submit to arbitration in accordance with Tenn. Code Ann. §56-7-1206 because the liability carrier of the Defendant had tendered the limits of its policy to Plaintiff. Republic and GEICO responded in opposition, arguing that the arbitration provisions contained in Tenn. Code Ann. §56-7-1206 do not apply, as the subject UM coverages were contained in policies that were issued and delivered in the state of Texas. The court ordered a separate hearing on the applicability of the arbitration provisions of Tenn. Code Ann. §56-7-1206 to this case.

After a bench hearing, the trial court granted Plaintiff's motion to compel arbitration. It specifically held that the arbitration provisions of Tenn. Code Ann. §56-7-1206 are applicable to the UM coverage provisions in the policies of Republic and GEICO that were issued and delivered in Texas. Republic and GEICO filed motions seeking permission to file a Tenn. R. App. P. 9 interlocutory appeal of the trial court's order granting the motion to compel. The Rule 9 motions were granted by the trial court and later by this Court.

---

[1] The tort-action parties, while both with the surname of "Nelson," were not in the same vehicle. As far as the record shows, the same surname is a coincidence.

II.

Republic and GEICO present the following issue for our review:

> Whether the trial court erred in holding that the arbitration requirement contained in Tenn. Code Ann. §56-7-1206 applies to a UM policy that was issued and delivered in a state other than Tennessee to a non-Tennessee insured.

III.

A.

The introductory section of Tennessee's UM statutory scheme provides as follows:

> Every automobile liability insurance policy *delivered, issued for delivery or renewed in this state*, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, *shall include uninsured motorist coverage*, subject to provisions filed with and approved by the commissioner, for the protection of persons insured under the policy who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting from injury, sickness or disease.

Tenn. Code Ann. §56-7-1201(a)(emphasis added). The lead-in to Tenn. Code Ann. §56-7-1206, the statute involved in this case, contains language tying it to Tenn. Code Ann. §56-7-1201(a):

> Any insured intending to rely on the coverage *required by this part*, shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, . . ..

Tenn. Code Ann. §56-7-1206(a)(emphasis added). Subsection (f) of the statute goes on to provide that if the defendant tortfeasor offers the limits of all liability insurance policies available in settlement of the plaintiff's claim, the plaintiff may accept the settlement offer, execute a release of that party defendant, and preserve the right to seek additional compensation from the UM carrier "upon agreement of the insured . . . to submit the

-3-

insured's uninsured motorist claim to binding arbitration of all issues of tort liability and damages." Tenn. Code Ann. §56-7-1201(f). The statute further states that once the insured agrees to accept the settlement offer and submit the UM claim to binding arbitration, notice is given to the UM carrier, who can elect to consent to the settlement, cooperate with the arbitration, and waive its subrogation rights against the defendant to be released. Tenn. Code Ann. §56-7-1201(g). If the UM carrier elects to decline arbitration and preserve its subrogation rights, the carrier must pay the insured the "full amount of the offer made by the liability insurance company or companies providing coverage to the party or parties seeking the release." Tenn. Code Ann. §56-7-1201(k).

B.

Republic and GEICO argue that the arbitration provisions are not applicable in this case, because, according to them, the plain language of the Tennessee statutory scheme states that it applies to automobile insurance policies "delivered, issued for delivery or renewed in [Tennessee]." Tenn. Code Ann. §56-7-1201(a). It is undisputed that the policies at issue in this case were issued and delivered in Texas.

The trial court found that the arbitration provisions at issue are applicable to the policies issued by Republic and GEICO even though those policies were not "delivered, issued for delivery or renewed in [Tennessee]." This is a matter of statutory interpretation, which is a question of law. *In re Estate of Trigg*, 368 S.W.3d 483, 490 (Tenn. 2012). As such, the standard of review is de novo, with no presumption of correctness accorded to the trial court's legal conclusions. *Id.*

As the Supreme Court has explained:

> When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning. The courts must examine the language of the statute and, if the language is unambiguous, apply the ordinary and plain meaning of the words used. Furthermore, every word in a statute is presumed to have meaning and purpose. In short, "[t]he cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aides to that end."

*U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009)(citations omitted).

As discussed above, the UM statutes explicitly state that they apply to automobile insurance policies "delivered, issued for delivery or renewed in [Tennessee]." Tenn. Code Ann. §56-7-1201(a). Further, Tenn. Code Ann. §56-7-1206, which contains the arbitration provision at issue in this case, makes clear that it applies to an "insured intending to rely on the coverage *required by this part.*" (Emphasis added.) The statutes are clear and unambiguous. By restricting its provisions to Tennessee policies, it follows that the substantive provisions dealing with arbitration would not apply to the policies issued by Republic and GEICO, which were issued and delivered in Texas.

C.

Our state courts have held that an automobile insurance policy which was not issued nor delivered in Tennessee is not a Tennessee contract, and thus is not controlled by Tennessee law. *See Burns v. Aetna Cas. & Sur. Co.*, 741 S.W.2d 318 (Tenn. 1987); *Fleet v. Bussell*, No. E2003-02788-COA-R3-CV, 2004 WL 1933131 (Tenn. Ct. App. E.S., filed Aug. 31, 2004). Likewise, numerous federal diversity cases have recognized that Tennessee follows the *lex loci contractus* doctrine in insurance coverage disputes, such that the substantive law of the state where the insurance policy was issued and delivered will control. *See Stakem v. Randolph*, 431 F. Supp. 2d 782 (E.D. Tenn. 2006); *Shupe v. Simcox*, No. 1:09-CV-138, 2009 WL 3152810 (E.D. Tenn. Sep. 28, 2009); *NGK Metals Corp. v. Nat'l Union Fire Ins. Co.*, No. 1:04-CV-56, 2005 WL 1115925 (E.D. Tenn. Apr. 29, 2005).

In *Stakem*, the automobile insurance policies that provided UM benefits were issued and delivered in the state of Florida to Florida insureds. 431 F. Supp. 2d at 784. The insurance company argued that Tenn. Code Ann. §56-7-1201 *et seq.* would not apply, as the policies were not issued and delivered in Tennessee. The federal court agreed, holding that under "Tennessee conflict of laws rules . . . the liability of an insurance company under a policy of insurance is determined by the law of the state where the contract for insurance was made." *Id.* Similarly, in *Shupe*, the court held that, where the automobile insurance policy was issued in Florida to a Florida insured, Florida law would control the UM claim. 2009 WL 3152810 at *3. The court once again noted that Tennessee follows the rule of *lex loci contractus*, which provides that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed . . . ." *Id.*

In this case, Plaintiff was a resident of Texas, and the insurance policies in question were issued and delivered in Texas. Based on both the plain wording of the statute, and the case law set forth above, it is clear to the Court that the arbitration provisions of the Tennessee UM statutes do not apply in this case.

D.

Plaintiff argues that basic choice of law principles dictate that Tennessee law should apply because the underlying action sounds in tort. This argument is without merit because the claims against the insurance carriers are based in contract law. *See Shupe*, 2009 WL 3152810 at *3.

E.

Plaintiff also argues that the statute at issue, Tenn. Code Ann. §56-7-1206, is procedural rather than substantive; thus, it should be applied as the law of the forum state. This Court dealt with the issue of whether Tenn. Code Ann. §56-7-1206 is substantive or procedural in *Privette v. Keyes*, No. M2000-01635-COA-R10-CV, 2001 WL 196970 (Tenn. Ct. App. M.S., filed Feb. 28, 2001). In that case, we considered whether the requirements of the statute should be applied retrospectively to a case that was pending when the statute was amended. This determination turned on whether the statute is procedural or substantive in nature. This Court determined that the amendment, which contains the specific arbitration provision at issue here, was not merely procedural because it impaired the rights of the insurance carrier. *Id.* We discussed the fact that the amendment potentially subjected the insurer to risks it did not bargain for at the time it entered into the insurance contract, such as a loss of subrogation rights. *Id.* Thus, we held that the provision was not merely procedural, and should not be applied retroactively. *Id.* Plaintiff's argument that the statute is procedural is without merit.

IV.

The judgment of the trial court regarding the applicability of the arbitration provisions of Tenn. Code Ann. §56-7-1206 is reversed. Furthermore, the agreement of GEICO to arbitrate – based as it was on an incorrect interpretation by the trial court of Tenn. Code Ann. §56-7-1206 – is set aside and held for naught. Costs on appeal are taxed to the appellee, Donald K. Nelson. This case is remanded to the trial court for further proceedings.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE